Stephanie Berman Schneider, Esq. (SBN 168519)
Howard Smith, Esq. - SBN 166571
BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP
11900 West Olympic Blvd., Suite 600
Los Angeles, California 90064-1151
Telephone: (310) 447-9000
Facsimile: (310) 447-9011
Email: sjschneider@b3law.com, hjsmith@b3law.com

Attorneys for Defendant
CARS RECOVERY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANISA LORD,<br><br>    Plaintiff,<br><br>vs.<br><br>CARS RECOVERY, INC., a California corporation; and DOES 1 through 10, inclusive<br><br>    Defendants. | CASE NO: 2:18-cv2076<br>Complaint Filed: 03/13/18<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT CARS RECOVERY, INC. FOR JUDGMENT ON THE PLEADINGS AS TO THE COMPLAINT OF PLAINTIFF ANISA LORD**<br><br>Date:    January 31, 2019<br>Time:   10:00 a.m.<br>Ctrm:   580<br><br>Assigned:  Judge Fernando M. Olguin<br>Referred:  Magistrate Judge Frederick F. Mumm<br><br>Trial Date: April 9, 2019 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN that on January 31, 2019 at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 580 of the above-entitled court located at 255 E. Temple Street, Courtroom 580, 5th Floor, Los Angeles, California 90012, Defendant CARS RECOVERY, INC. ("Cars Recovery") will move for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) as to the Complaint of Plaintiff ANISA LORD and the Three Causes of Action contained


therein: (1) Violation of the Federal Debt Collection Practices Act; (2) Violation of the California – Rosenthal - Debt Collection Practices Act; and (3) Conversion.

This motion is made on the grounds that Plaintiff is unable to state Causes of Action for both violations of the Federal and State Fair Debt Collections Practices Acts because Cars Recovery as a repossession company does not constitute a "debt collector" under the acts. The Cause of Action for Conversion also fails as there could be no conversion since Cars Recovery had a right to possession to the repossessed vehicle and the vehicle was not repossessed through the use of force or even a threat of force.

This motion is made following the meet and confer of counsel pursuant to Local Rule 7-3 which took place on December 20, 2018. Counsel for Cars Recovery and Plaintiff were unable to reach an agreement concerning the matters raised this motion requiring that it go forward. As requested by counsel for Plaintiff, the parties agreed to schedule the hearing on the motion for January 31, 2019.

This motion will be based on this notice, the attached memorandum of points and authorities, the records and pleadings on file herein, and on such other and further oral and documentary evidence as may be presented at the hearing on this matter.

DATED: December 26, 2018

BERMAN BERMAN BERMAN SCHNEIDER & LOWARY, LLP

By: /s/
HOWARD SMITH
Attorneys for Defendant
CARS RECOVERY, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On January 25, 2018, lender Capital One Auto Finance hired Defendant CARS RECOVERY ("Car Recovery") - an automobile repossession company - to repossess the vehicle of Plaintiff ANISA LORD given her failure to make the necessary payments under her finance agreement. The repossessor from Cars Recovery entered Plaintiff's building and towed away her vehicle. Plaintiff has brought this action asserting Causes of Action for: (1) Violations of the Federal Fair Debt Collection Practices Act; (2) Violations of the California (Rosenthal) Fair Debt Collection Practices Act; and (3) Conversion under allegations that Cars Recovery entered her building in a breach of the peace.

Plaintiff's Complaint and the Causes of Action for violations of the Federal and California Fair Debt Collection Practices Acts fail because Cars Recovery (an automobile repossession company) is not a "debt collector" under the acts as it never collected on a debt, but instead sought the repossession of the collateral. Moreover, Plaintiff is unable to state a Cause of Action for Conversion because Cars Recovery had a right to possession to the repossessed vehicle and the vehicle was not repossessed through the use of force or even a threat of force.

Based upon the foregoing, Defendant CARS RECOVERY, INC. respectfully requests that the Court grant the instant Motion for Judgment on the Pleadings as to Complaint of Plaintiff ANISA LORD and the three alleged Causes of Action.

## II. STATEMENT OF FACTS

Plaintiff has included Causes of Action for: (1) Violations of the Federal Fair Debt Collection Practices Act; (2) Violations of the California Fair Debt Collection Practices Act; and (3) Conversion based upon the following allegations:

In 2016, Plaintiff purchased a motor vehicle for personal, family or household purposes from a car dealership pursuant to a conditional sale contact. (Comp., at ¶.7.) The dealership assigned the contract to Capital One Auto Finance. (Comp., at ¶.7.)

1 | In or around January 2018, Capital One Auto Finance hired Cars Recovery to conduct
2 | a non-judicial repossession of Plaintiff's vehicle. (Comp., at ¶.7.)
3 |     On or about January 25, 2018, Cars Recovery completed the repossession of
4 | Plaintiff's vehicle by entering private property in Los Angeles which was secured by
5 | a locked gate and fence. (Comp., at ¶.8.) Accordingly, Defendants breached the peace
6 | in conducting the repossession of Plaintiff's vehicle, in violation of California
7 | Commercial Code Section 9609 and California's Collateral Recovery Act, Business
8 | & Professions Code Section 7508.2(d). (Comp., at ¶.8.)
9 |     During the unlawful repossession, one of the residents in Plaintiff's building
10 | confronted CARS Recovery's agent about his unlawful entry into secured private
11 | property. (Comp., at ¶.9.) In response, CARS Recovery's agent lied that he gate
12 | securing the private property was open and called the resident an asshole several times
13 | in front of the resident's young daughter, and CARS Recovery refused to leave the
14 | property. (Comp., at ¶.9.)

15 | **III.    STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS.**

16 |     Cars Recovery's Motion for Judgment on the Pleadings is brought pursuant to
17 | Federal Rule of Civil Procedure 12(c) ("FRCP") on the basis that the Complaint fails
18 | to state a claim. After the pleadings are closed but within such time as not to delay
19 | trial, any party may move FRCP 12(c) for judgment on the pleadings. (*S&S Constr.,*
20 | *Inc. v. Reliance Ins. Co.*, (D.S.C. 1998) 42 F. Supp.2d. 622, 623.) "The principal
21 | difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of
22 | filing. Because the motions are functionally identical, the same standard of review
23 | applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." (*Dworkin v.*
24 | *Hustler Magazine Inc.* (9th Cir. 1989) 867 F.2d 1188, 1192.)
25 |     When considering a Rule 12(c) motion, the Court must construe the allegations
26 | in the Complaint in the light most favorable to the non-moving party. (See *Turbe v.*
27 | *Government of Virgin Islands* (3d Cir. 1991) 938 F.2d 427, 428 [Holding that when
28 | a Rule 12(c) motion alleges Plaintiff's failure to state a claim upon which relief can be

granted, the Court analyzes the motion under the same standard as a Rule 12(b)(6) Motion to Dismiss].) "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (***Erickson v. Pardus*** (2007) 127 S. Ct. 2197, 2200 [citing ***Bell Atlantic Corp. v. Twombly*** (2007) 127 S. Ct. 1955, 1965.].) A Court may grant a Motion for Judgment on the Pleadings when no genuine issues of material fact remain and the case can be decided as a matter of law. (***Ibid***.)

Conclusory allegations of law or unwarranted inferences of fact are insufficient to defeat the motion. (***Ove v. Gwinn*** (9th Cir. 2001) 264 F.3d 817, 821.) In addition, a Court's obligation to construe allegations in the light most favorable to the non-moving party does not mean that those allegations must be construed in a light favorable to the non-moving party, if such a construction cannot reasonably be made. (***Ibid***.) Moreover, dismissal is proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (***Balistreri v. Pacifica Police Dept.*** (9th Cir. 1990) 901 F.2d 696, 699.)

"Although a moving party, for the purposes of the Rule 12(c) motion, concedes the accuracy of the factual allegation in his adversary's pleading, he does not admit other assertions in the other party's pleading that constitute conclusions of law, legally impossible facts, or matters that would not be admissible in evidence in trial." (*Wright & Miller, Federal Practice and Procedure*: Civil 2d § 1368 (2d ed. 1995) [citing, inter alia, ***Grindstaf v. Green*** (6th Cir. 1998) 133 F.3d 416; ***Duhame v. U.S.*** (Ct. Cl. 1954) 119 F.Supp. 192].) Rule 12(b)(6) requires that a claim be dismissed if the Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." (***Tegg Corp. v. Beckstrom Electric Co.*** (W.D. Pa. July 1, 2008) 2008 U.S. Dist. LEXIS 52184 *12 [Citing ***Bell Atlantic Corp. v. Twombly, supra***, 127 S.Ct. at p. 1964; see also, ***Phillips v. County of Allegheny*** (3d. Cir. 2008) 515 F.3d 224, 234.) Although the Court accepts all well-pled material allegations as true and draws all reasonable inferences therefrom in favor of the non-moving party, the Court cannot

accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. (See *In re Rockefeller Ctr. Props., Inc. Secs. Litig.* (3d. Cir. 2002) 311 F.3d 198, 215; *Morse v. Lower Merion Sch. Dist.* (3d. Cir. 1997) 132 F.3d 902, 906 n.8.)

### IV. CARS RECOVERY, INC. IS NOT A "DEBT COLLECTOR" UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

"Courts have determined repossession companies ... are not generally 'debt collectors' subject to liability under the FDCPA." (*Brooks v. Leon's Quality Adjusters, Inc.* (2016) U.S. Dist. LEXIS 116803 *34-35.) The FDCPA defines the term "debt collector" as including: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." (15 U.S.C. Section 1692a(6); *Schlegel v. Wells Fargo Bank, NA* (9th Cir. 2013) 720 F.3d 1204, 1208.) The determination of whether a party is a "debt collector" under the FDCPA "depend[s] upon the nature of the activities in the individual case," not whether a party calls itself a debt collector or a collection agency. (*Romine v. Diversified Collection Servs., Inc.* (9th Cir. 1998) 155 F.3d 1142, 1149 [Citing *Jenkins v. Heintz* (7th Cir. 1994) 25 F.3d 536, 539.].)

The Complaint alleges that lender "Capital One Auto Finance hired CARS Recovery to conduct the non-judicial repossession of plaintiff's vehicle." (Comp., at ¶.7.) There is no allegation that Cars Recovery had any contact with Plaintiff until <u>after</u> the repossession was completed and Plaintiff reclaimed the vehicle. There are no allegations, for example, that Cars Recovery contacted Plaintiff in an effort to encourage her to resume making her monthly payments on the vehicle, set up a payment plan for the loan, or directed Plaintiff to pay the debt owed to Capital One in any way.

///

Courts have uniformly determined that repossession companies are not generally "debt collectors" as defined by and subject to liability under the FDCPA. (See, e.g., *Montgomery v. Huntington Bank* (6th Cir. 2003) 346 F.3d 693, 699.) ["[A] repossession agency... does not fall within the definition of a 'debt collector'"]; *James v. Ford Motor Credit Co.* (8th Cir. 1995) 47 F.3d 961, 962 [Repossession companies are not generally included in the definition of "debt collector" under Section 1692a(6); *Nadalin v. Automobile Recovery Bureau, Inc.* (7th Cir. 1999) 169 F.3d 1084, 1085 [Observing the term "debt collectors" excludes repossessors and other enforcers of security interests].) Because "the term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction…" [15 USCS Section 1692a(5)], and it is undisputed that CARS recovered the automobile, i.e. the collateral, and not the debt itself, i.e. the monetary balance owed on the loan, CARS is not a "debt collector" as defined by the Code. (*Jordan v. Kent Recovery Serv., Inc.* (D. Del. 1990) 731 F.Supp. 652, 656 ["[A]n enforcer of a security interest, such as a repossession agency, falls outside the ambit of the FDCPA for all purposes, except for purposes of § 1692f(6)"].) "Because Defendants collected the collateral rather than the debt and are not debt collectors as applied to provisions other than Section 1692f(6), Plaintiff is unable to succeed on claims for violations of the FDCPA under 15 U.S.C. §§ 1692d, 1692e." (*Brooks v. Leon's Quality Adjusters, Inc., supra*, U.S. Dist. LEXIS 116803, at p. 35.)

## V. CARS RECOVERY, INC. IS NOT A "DEBT COLLECTOR" UNDER THE CALIFORNIA (ROSENTHAL) FAIR DEBT COLLECTION PRACTICES ACT

Under the Rosenthal Fair Debt Collection Practices Act, a "debt collector" is defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." (California Civil Code Section 1788.2(c).) California's Rosenthal Act, "like its federal counterpart, is designed to protect consumers from unfair and abusive debt collection practices."

(***Robinson v. Managed Accounts Receivable Corp.*** (C.D. Cal. 2009) 654 F.Supp.2d 1051, 1060 [Citing to California Civil Code Section 1788.1.].)

"As a threshold matter, a defendant must fall within the Rosenthal Act's definition of 'debt collector' in order to be held liable for violating the Rosenthal Act." (***Brooks v. Leon's Quality Adjusters, Inc., supra***, U.S. Dist. LEXIS 116803, at p.52.) As a matter of law, Cars Recovery is not a debt collector. Importantly, as addressed above, Plaintiff does not allege [nor could she] that employees of Cars Recovery regularly engaged in debt collection by directing debtors to pay their notes. In short, Cars Recovery's business is limited to repossessing automobiles on behalf of the respective lenders – not in having debtors pay bills.

California Civil Code Section 1788.2(c) expands the definition of "debt collector" to include, "any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection…" The term "debt" means "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." (Section 1788.2(d).) Because Cars Recovery recovered the automobile, i.e. the collateral, and not the debt itself, i.e. the monetary balance owed on the loan, Cars Recovery is not a "debt collector" as defined by the California Civil Code.

### VI. PLAINTIFF CANNOT STATE A CAUSE OF ACTION FOR CONVERSION BECAUSE CARS RECOVERY WAS AUTHORIZED BY THE LENDER TO REPOSSESS THE VEHICLE AND THERE WAS NO USE OF FORCE OR EVEN THE THREAT OF FORCE

There are no allegations that CARS Recovery wrongfully converted any of the Plaintiff's property (vehicle or personal) to support a Cause of Action for Conversion. "Conversion is the wrongful exercise of dominion over the property of another." (***Greka Integrated, Inc. v. Lowrey*** (2005) 133 Cal.App.4th 1572, 1581.) "The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act

or disposition of property rights; and damages." (*Ibid.*) Moreover, in order to state a claim for Conversion in connection with a repossession, a Plaintiff must allege facts which demonstrate that "force or threats of force are used to [secure] possession of the automobile." (***Henderson v. Security Nat. Bank*** (1977) 72 Cal.App.3d 764, 770.)

First, there was no wrongful act or disposition of any property rights to the vehicle. As admitted in the Complaint the lender "Capital One Auto Finance hired Cars Recovery to conduct the nonjudicial repossession of Plaintiff's vehicle." (Comp., at ¶.7.) Cars Recovery, therefore, had a right to repossess Plaintiff's vehicle because it was collateral for the loan from Capital One, thereby stripping her of any right to possession. Given this admitted right of possession, Plaintiff is unable to state a claim for Conversion against Cars Recovery. (***Brooks v. Leon's Quality Adjusters, Inc., supra***, U.S. Dist. LEXIS 116803, at p. 53; ***Greka Integrated, Inc. v. Lowrey, supra,*** 133 Cal.App.4th at p. 1581.)

Moreover, there are no allegations that force or threat of force was used in connection with the repossession of the subject vehicle. Instead, Plaintiff alleges that "Defendant breached the peace by illegally entering the secure garage of Plaintiff's apartment building." (Comp., at ¶.8.) However, not only does such entry not support a claim for Conversion, but the Courts have held that such an entering does not even amount to a trespass, let alone a breach of the peace. (***Brooks v. Leon's Quality Adjusters, Inc., supra***, U.S. Dist. LEXIS 116803, at pp. 41-42; ***Civic Western Corp. v. Zila Industries, Inc.*** (1977) 66 Cal.App.3d 1, 17 ["An entry to repossess personal property, as provided in the contract for the sale of that property, is such a consensual entry, and is not a trespass."].)

## VII. CONCLUSION

In ***Bell Atlantic Corp. v. Twombly, supra***, 127 S.Ct. at pp. 1969-1670, the Supreme Court held that a Court should look for "plausibility" in a Plaintiff's claim in ruling on Defendant's motion challenging the pleadings. The logic and holding of ***Twombly*** indicate that the motion should be granted if the moving party is entitled to

F:\DATA\1180.04\PLEAD\MJOP.DOCX                                7
MOTION FOR JUDGMENT ON THE PLEADINGS

relief. (See, e.g., ***Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith*** (6th Cir. 1973) 479 F.2d 478, 480 [A Motion for Judgment on the Pleadings should be granted "if the moving party is . . . clearly entitled to judgment"].) The Federal and California Fair Debt Collection Practices Acts and corresponding case law interpreting the statutes are clear that Cars Recovery as automobile repossession firm, does not fall under the FDCPA or the Rosenthal Act. The repossession act itself as alleged was pursuant to the directive of the lender, for the collateral and not the debt itself, and no breach of the peace occurred.

Based upon the foregoing, Defendant CARS RECOVERY respectfully requests that the Court grant the instant Motion for Judgment on the Pleadings as to Complaint of Plaintiff ANISA LORD and the three alleged Causes of Action.

DATED: December 26, 2018

BERMAN BERMAN BERMAN SCHNEIDER & LOWARY, LLP

By: /s/
HOWARD SMITH
Attorneys for Defendant
CARS RECOVERY, INC.