1  LAW OFFICES OF BRANDON A. BLOCK
   A PROFESSIONAL CORPORATION
2  BRANDON A. BLOCK (State Bar No. 215888)
   *brandon@bblocklaw.com*
3  433 North Camden Drive, Suite 600
   Beverly Hills, California 90210
4  Telephone: 310.887.1440
   Facsimile: 310.496.1420
5
   Attorneys for Plaintiff
6  ANISA LORD

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11 ANISA LORD,                          CASE NO. 2:18-cv-2076-FMO-FFM

12         Plaintiff,                    **PLAINTIFF ANISA LORD'S**
                                         **MEMORANDUM OF POINTS AND**
13         vs.                           **AUTHORITIES IN OPPOSITION**
                                         **TO DEFENDANT CARS**
14 CARS RECOVERY, INC., a California     **RECOVERY, INC.'S MOTION FOR**
   corporation; and DOES 1 through 10,   **JUDGMENT ON THE PLEADINGS**
15 inclusive,
                                         [Request for Judicial Notice filed
16         Defendants.                   concurrently]

17                                       Date:   January 31, 2018
                                         Time:   10:00 a.m.
18                                       Ctrm:   6D

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2 I.   INTRODUCTION .................................................................................1

3    A.   The Instant Action.................................................................1

4    B.   CARS Recovery's Motion For Judgment On The Pleadings..................2

5 II.   ARGUMENT ...................................................................................4

6    A.   Plaintiff's Complaint Alleges That CARS Recovery Is A Debt

7         Collector Under The FDCPA For The Purpose of 15 U.S.C.

8         § 1692f(6)...............................................................................4

9    B.   Plaintiff's Complaint Alleges That CARS Recovery Is A Debt

10        Collector Under The Rosenthal Act. .........................................8

11    C.   Plaintiff's Complaint States A Claim Against CARS Recovery

12        For Conversion. ...................................................................11

13 III.   CONCLUSION ...............................................................................18

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Federal Cases**

<u>Alexander v. Blackhawk Recovery & Investigation, LLC</u>, 731 F.Supp.2d 674 (E.D. Mich. 2010) ..................................................................................5

<u>Aviles v. Wayside Auto Body, Inc.</u>, 49 F.Supp.3d 216 (D. Conn. 2014) .................12

<u>Baker v. G.C. Servs. Corp.</u>, 677 F.2d 775 (9th Cir. 1982) ...........................................4

<u>Blair v. Rent-A-Ctr., Inc.</u>, No. C 17-02335, 2018 WL 5721799 (N.D. Cal. Nov. 1, 2018) ..................................................................................14

<u>Brooks v. Leon's Quality Adjusters, Inc.</u>, No. 15-cv-000965, 2016 WL 4539967 (E.D. Cal. Aug. 30, 2016)..............................................................8, 12, 17

<u>Buzzell v. Citizens Automobile Fin., Inc.</u>, 802 F.Supp.2d 1014 (D. Minn. 2011) ..................................................................................6

<u>Clark v. Auto Recovery Bureau, Inc.</u>, 889 F.Supp. 543 (D. Conn. 1994)...............5, 6

<u>Clark v. Par, Inc.</u>, C.D. Cal. Case No. CV-15-02322-MWF (FFMx) ...............3, 8, 14

<u>Donohue v. Quick Collect, Inc.</u>, 592 F.3d 1027 (9th Cir. 2010) ...............................10

<u>Duncan v. Walker</u>, 533 U.S. 167 (2001) .......................................................................10

<u>Fleming v. Pickard</u>, 581 F.3d 922 (9th Cir. 2009)..................................................8, 10

<u>Fleming-Dudley v. Legal Investigations, Inc.</u>, No. 05 C 4648, 2007 WL 952026 (N.D. Ill. Mar. 22, 2007)..................................................................5

<u>Henson v. Santander Consumer USA Inc.</u>, 137 S. Ct. 1718, 198 L. Ed. 2d 177 (2017)...........................................................................6

<u>In re Daniel</u>, 137 B.R. 884 (D. S.C. 1992) .................................................................15

<u>Izenberg v. ETS Services, LLC</u>, 589 F.Supp.2d 1193 (C.D. Cal. 2008).....................9

<u>James v. Ford Motor Credit Co.</u>, 47 F.3d 961 (8th Cir. 1995) ...................................7

<u>James v. Ford Motor Credit Co.</u>, 842 F.Supp. 1202 (D. Minn. 1994), <u>aff'd</u> 47 F.3d 961 (8th Cir. 1995) ...........................................................................6, 7

<u>Jordan v. Kent Recovery Serv., Inc.</u>, 731 F.Supp. 652 (D. Del. 1990) ...................6, 7

1  Laurel Coal Co. v. Walter E. Heller & Co., Inc., 539 F.Supp. 1006 (W.D.

2  Penn. 1982) ..................................................................................................15, 16

3  Marcus v. McCollum, 394 F.3d 818 (10th Cir. 2004) .................................17

4  Montgomery v. Huntington Bank, 346 F.3d 693 (6th Cir. 2003)...............7

5  Nadalin v. Auto. Recovery Bureau, Inc., 169 F.3d 1084 (7th Cir. 1999).....7

6  Osborne v. Minnesota Recovery Bureau, Inc., No. 04–1167, 2006 WL

7  1314420 (D. Minn. May 12, 2006)...............................................................12

8  Pflueger v. Auto Fin. Group, Inc., No. CV-97-9499, 1999 WL 33740813 (C.D.

9  Cal. April 26, 1999) ........................................................................................5

10  Piper v. Portnoff Assoc., Ltd., 396 F.3d 227 (3rd Cir. 2005)...................6, 7

11  Purkett v. Key Bank USA, N.A., No. 01 C 162, 2001 WL 503050 (N.D. Ill.

12  May 10, 2001)................................................................................5, 13, 15

13  Rainwater v. Rx Medical Services Corp., CV-95-05596-REC, 1995 WL

14  907888 (E.D. Cal. Dec. 6, 1995) ................................................................14

15  Rivera v. Dealer Funding, LLC, 178 F.Supp.3d 272 (E.D. Pa. 2016).........................6

16  Rogers v. Allis-Chalmers Credit Corp., 679 F.2d 138 (8th Cir. 1982) .....................16

17  Saice v. Midamerica Bank, No. Civ. 98–2396, 1999 WL 33911356 (D. Minn.

18  Sept. 30, 1999)..............................................................................................15

19  Thompson v. Ford Motor Credit Co., 324 F.Supp. 108 (D.S.C. 1971) .....................15

20  Townsend v. National Arbitration Forum, Inc., No. CV 09-9325, 2012 WL

21  12736 (C.D. Cal. Jan. 4, 2012) ..................................................................11

22  Vantu v. Echo Recovery L.L.C., 85 F.Supp.3d 939 (N.D. Ohio 2015).......................5

23  **State Cases**

24  Bloomquist v. First Nat'l Bank of Elk River, 378 N.W.2d 81 (Minn. 1985)............15

25  Cerra v. Blackstone, 172 Cal.App.3d 604 (1985)................................................11

26  Chrysler Credit Corp. v. Koontz, 661 N.E.2d 1171 (Ill. Ct. App. 1996)...................16

27  Civic Western Corp. v. Zila Industries, Inc., 66 Cal.App.3d 1 (1977).......................17

28  Davenport v. Chrysler Credit Corp., 818 S.W.2d 23 (Tenn. App. 1991)..................12

iii

1  Greka Integrated, Inc. v. Lowrey, 133 Cal.App.4th 1572 (2005)................................12

2  Henderson v. Security Nat'l Bank, 72 Cal.App.3d 764 (1977).......................... passim

3  Hilliman v. Cobado, 499 N.Y.S.2d 610 (1981) ............................................................15

4  Imperial Merchant Services, Inc. v. Hunt, 47 Cal.4th 381 (2009) ............................10

5  In re W.B., 55 Cal. 4th 30 (2012), as modified on denial of reh'g (Sept. 26,

6  2012) ...............................................................................................................................14

7  Madden v. Deere Credit Services, Inc., 598 So.2d 860 (Ala. 1992) ..........................16

8  Meyers v. Ford Motor Credit Co., 619 S.W.2d 572 (Tex. App. 1981) ......................16

9  Nichols v. Metropolitan Bank, 435 N.W.2d 637 (Minn. Ct. App. 1989)...................16

10  Pantoja-Cahue v. Ford Motor Credit Co., 872 N.E.2d 1039 (Ill. App. 2007) ...........16

11  Pitney Bowes, Inc. v. State of Cal., 108 Cal.App.3d 307 (1980) ...............................10

12  Quest v. Barnett Bank of Pensacola, 397 So.2d 1020 (Fla. 1981) ............................12

13  Ragde v. Peoples Bank, 767 P.2d 949 (Wa. 1989)......................................................15

14  Varela v. Wells Fargo Bank, 15 Cal.App.3d 741 (1971) ...........................................12

15  **Federal Statutes**

16  15 U.S.C. §§ 1692, et seq. ..............................................................................................2

17  15 U.S.C. § 1692(a) ........................................................................................................4

18  15 U.S.C. § 1692(e) ........................................................................................................4

19  15 U.S.C. § 1692a(6) .............................................................................................. passim

20  15 U.S.C. § 1692f(6)............................................................................................... passim

21  15 U.S.C. §§ 1692a(6)(A)-(F) .......................................................................................6

22  **State Statutes**

23  Cal. Bus. & Prof. Code §§ 7500, et seq..........................................................................13

24  Cal. Bus. & Prof. Code § 7507.13(b) ...........................................................................11

25  Cal. Bus. & Prof. Code § 7508.2(d) ...................................................................... passim

26  Cal. Civ. Code §§ 1788, et seq. .......................................................................................3

27  Cal. Civ. Code § 1788.1(a)(2) ........................................................................................9

28  Cal. Civ. Code § 1788.1(b)........................................................................................9, 10

Cal. Civ. Code § 1788.17 .................................................................................10, 11

Cal. Civ. Code § 1788.2(b) ......................................................................................9

Cal. Civ. Code § 1788.2(c) ..................................................................................9, 10

Cal. Civ. Code § 1788.2(e) ......................................................................................9

Cal. Civ. Code § 1788.2(f) ......................................................................................9

Cal. Comm. Code § 9609(b)(2) ...........................................................................1, 12

**Treatises**

4 Witkin, Summary of Cal. Law (10th ed. 2005), <u>Secured Transactions in Personal Property</u>, § 178 ...........................................................................13

<u>Cal. Prac. Guide Enf. J. & Debt</u>, Ch. 3-B .................................................................13

<u>Restatement (Second) of Torts</u> § 116 .......................................................................16

**Pleadings**

Complaint, ¶ 10 ......................................................................................................2

Complaint, ¶ 14 ......................................................................................................3

Complaint, ¶ 16 ......................................................................................................4

Complaint, ¶ 24 ......................................................................................................9

Complaint, ¶ 7 ....................................................................................................1, 9

Complaint, ¶ 8 ....................................................................................................2, 9

Complaint, ¶ 9 ..............................................................................................2, 8, 17

MEMO. OF P&A IN OPP. TO MJP – CASE NO. 2:18-CV-2076-FMO-FFM

# I.    INTRODUCTION

## A.    The Instant Action

In 2016, plaintiff Anisa Lord financed the purchase a motor vehicle with Capital One Auto Finance. Complaint, ¶ 7. Plaintiff, a nurse, suffered a reduction in employment after her father passed away and she had to attend to family affairs, which in turn made her fall behind on her payments to Capital One Auto Finance. Plaintiff had arrangements with Capital One Auto Finance to pay the past due balance when it unexpectedly hired defendant CARS Recovery, Inc., a repossession agency, to conduct the nonjudicial (i.e., "self-help") repossession of plaintiff's vehicle in January 2018. Id.

A self-help repossession must be done without a breach of the peace. Cal. Comm. Code § 9609(b)(2). If a breach of the peace is necessary to recover the car, the repossession agency *loses its* right of possession and must stop all repossession efforts. The creditor then must obtain a court order for possession of the collateral, even if there is a default under the security agreement. The rule is simple:

> If the mortgagee finds that he cannot get possession
> without committing a breach of the peace, he must stay his
> hand, and resort to the law [i.e., file a lawsuit for
> possession], for the preservation of the public peace is of
> more importance to society than the right of the owner of a
> chattel to get possession of it.

Henderson v. Security Nat'l Bank, 72 Cal.App.3d 764, 770 (1977) (citation and internal quotation marks omitted).

California statutory law and caselaw define a breach of the peace to include an unlawful entry into a secured area, without permission. Cal. Bus. & Prof. Code § 7508.2(d); Henderson, 72 Cal.App.3d at 770 (discussed, infra). That is precisely what plaintiff alleges happened in this case. On January 25, 2018, CARS Recovery repossessed plaintiff's car by entering a gated and locked garage at her residence (an

1

eight-unit condominium building), without permission. Complaint, ¶ 8. In connection with CARS Recovery's repossession efforts, CARS Recovery's agent was confronted by a female resident in the garage, who questioned how CARS Recovery's agent gained access to the area. Id., ¶ 9. In response, CARS Recovery's agent lied that the gate securing the garage was open, and he called the resident an "asshole" several times in front of her young daughter. Id.

The garage area at issue at the bottom of the residence building, and it contains *direct access* to the residents' condominiums. CARS Recovery's conduct thus naturally caused alarm amongst the residents of plaintiff's building. Emails ensued between the residents questioning how CARS Recovery entered the garage, and plaintiff ultimately was forced to reveal her private financial matters to alleviate the residents' concerns. Complaint, ¶ 9. Shortly after the unlawful repossession, plaintiff paid her loan current and got her car back. Plaintiff seeks both pecuniary and emotional distress damages. Among other losses, Plaintiff missed work, had to pay a repossession fee, and lost personal property which CARS Recovery never gave back to her. Id., ¶ 10. CARS Recovery's conduct also caused plaintiff great embarrassment and exposed her private financial affairs. Id. Had CARS Recovery simply followed the law governing nonjudicial repossessions, plaintiff would not have suffered any such injuries.

**B.    CARS Recovery's Motion For Judgment On The Pleadings**

With trial set to commence in April 2019, CARS Recovery's present motion is an ill-conceived effort that ignores the plain language of federal and state statutes and caselaw in the repossession area. The allegations of plaintiff's Complaint must be taken as true, and they give rise to straightforward violations of well-established repossession law, without the presentation of any novel issues.

CARS Recovery first incorrectly contends that it is not a debt collector under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). However, the FDCPA specifically defines a "debt collector" to include repossession

1     agencies, for the definition encompasses "any business the principal purpose of

2     which is the enforcement of security interests." 15 U.S.C. § 1692a(6). Plaintiff's

3     Complaint alleges that CARS Recovery falls within this definition at paragraph 14:

4     "Defendants are 'debt collectors' within the meaning of 15 U.S.C. § 1692a(6) in that

5     they are persons who use an instrumentality of interstate commerce or the mails in a

6     business the principal purpose of which is the enforcement of security interests." See

7     also Request for Judicial Notice ("RJN"), Ex. 1 (CARS Recovery's California

8     Repossession Agency license). Under longstanding FDCPA law, repossession

9     agencies are "debt collectors" under § 1692a(6) for the purpose of 15 U.S.C.

10    § 1692f(6), which prohibits breaches of the peace (see, infra, fn. 1 (citing cases)) and

11    is the only provision of the FDCPA that plaintiff alleges CARS Recovery violated.

12         CARS Recovery also is wrong that it is not a "debt collector" under

13    California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et

14    seq. ("Rosenthal Act"). The Rosenthal Act contains an even broader definition of

15    "debt collector" than the FDCPA, expressly covering any entity which takes any act

16    or practice in connection with the collection of "property". As a repossession agency

17    which violated the statute in attempting to collect "property" (plaintiff's car), CARS

18    Recovery is a debt collector under the Rosenthal Act. The same argument raised by

19    CARS Recovery was rejected by Judge Fitzgerald of the Central District of

20    California, in a case against another repossession agency. See RJN, Ex. 2, p. 12 (July

21    22, 2015 Order Denying Motion to Dismiss Plaintiff's Complaint in Clark v. Par,

22    Inc., C.D. Cal. Case No. CV-15-02322-MWF (FFMx)).

23         Lastly, plaintiff's Complaint sufficiently alleges that CARS Recovery

24    committed a conversion of plaintiff's vehicle and the personal property taken with it

25    during the repossession. The law is well-settled that a breach of the peace by a

26    repossession agent supports a claim for conversion under California law, and that the

27    Complaint pleads facts which, if proven, establish a breach of the peace by CARS

28    Recovery. CARS Recovery's motion should be denied in its entirety.

## II.   ARGUMENT

**A.   Plaintiff's Complaint Alleges That CARS Recovery Is A Debt Collector Under The FDCPA For The Purpose of 15 U.S.C. § 1692f(6).**

The FDCPA is Congress's response to "the abusive, deceptive, and unfair debt collection practices [used] by many debt collectors." 15 U.S.C. § 1692(a). The FDCPA serves to protect consumers who have been victimized by debt collectors, regardless of whether a valid debt exists. Baker v. G.C. Servs. Corp., 677 F.2d 775, 777 (9th Cir. 1982); see 15 U.S.C. § 1692(e).

Plaintiff's First Claim for Relief alleges that CARS Recovery violated one section of the FDCPA – 15 U.S.C. § 1692f(6). Section 1692f(6) provides as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section…
>
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if –
>
> (A) there is no present right of possession of the property claimed as collateral through an enforceable security interest.

Plaintiff's Complaint alleges that CARS Recovery violated § 1692f(6) by "taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest." Complaint, ¶ 16. The Complaint further alleges that CARS Recovery did not have a "present right" to repossess plaintiff's car due to its breach of the peace. See id. ("Defendants had no present right to repossess plaintiff's vehicle because they breached the peace by entering secured and gated private

1   property to do so, in violation of Commercial Code § 9609 and the CRA, Cal. Bus. &
2   Prof. Code § 7508.2(d).").

3          CARS Recovery cannot contradict the allegations of the Complaint that it
4   committed a breach of the peace. CARS Recovery also does not contend that
5   plaintiff fails to allege a claim under § 1692f(6), the FDCPA's prohibition on
6   breaches of the peace. Nor can it, as courts routinely have recognized that allegations
7   of a breach of the peace are sufficient to state a claim against a repossession
8   company for violation of § 1692f(6).[1]

9          CARS Recovery's only challenge to plaintiff's FDCPA claim is that it is not a
10  debt collector under the FDCPA. That contention is baseless.

11         15 U.S.C. § 1692a(6) defines a "debt collector" under the FDCPA as follows:

12              Any person who uses any instrumentality of interstate
13              commerce or the mails in any business the principal
14              purpose of which is the collection of any debts, or who
15              regularly collects or attempts to collect, directly or
16              indirectly, debts owed or due or asserted to be owed or due
17              another… ***For the purpose of section 1692f(6) of this title,***

18

19  [1] See, e.g., Vantu v. Echo Recovery L.L.C., 85 F.Supp.3d 939, 943 (N.D. Ohio 2015)
20  (denying a repossessor's motion to dismiss claim under § 1692f(6) where there was
    an alleged breach of the peace); Alexander v. Blackhawk Recovery & Investigation,
21  LLC, 731 F.Supp.2d 674, 680-81 (E.D. Mich. 2010) (denying a repossessor's motion
    for summary judgment based on its alleged breach of the peace, which "is the type of
22  abusive practice Congress sought to prevent in enacting FDCPA and specifically
    § 1692f(6)"); Clark v. Auto Recovery Bureau, Inc., 889 F.Supp. 543, 547 (D. Conn.
23  1994) (there is no present right of possession to the collateral under § 1692f(6)(A) if
    a breach of the peace occurs under state law); Fleming-Dudley v. Legal
24  Investigations, Inc., No. 05 C 4648, 2007 WL 952026, at *5-6 (N.D. Ill. Mar. 22,
    2007) (denying a repossession company's motion to dismiss the plaintiffs'
25  § 1692f(6) claim because they alleged a breach of the peace, and therefore that the
    repossessor did not have a "present right" of possession of the collateral); Purkett v.
26  Key Bank USA, N.A., No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10,
    2001) (holding that the plaintiff stated a claim under § 1692f(6) by alleging a
27  repossession company breached the peace in taking the collateral); Pflueger v. Auto
    Fin. Group, Inc., No. CV-97-9499, 1999 WL 33740813, at *5-6 (C.D. Cal. April 26,
28  1999) (denying a repossession agency's summary judgment motion on plaintiff's
    § 1692f(6) claim because there were disputed issues of material fact as to whether
    there was a breach of the peace).

5

1               *such term also includes any person who uses any*

2               *instrumentality of interstate commerce or the mails in any*

3               *business the principal purpose of which is the*

4               *enforcement of security interests[.]* (Emphasis added.)

5        Through the emphasized provision of § 1692a(6), Congress "sought to

6 proscribe the conduct of repossession agencies." <u>Jordan v. Kent Recovery Serv., Inc.</u>,

7 731 F.Supp. 652, 657 (D. Del. 1990); <u>see also</u> <u>Henson v. Santander Consumer USA</u>

8 <u>Inc.</u>, 137 S. Ct. 1718, 1720, 198 L. Ed. 2d 177 (2017) ("So perhaps it comes as little

9 surprise that we now face a question about who exactly qualifies as a 'debt collector'

10 subject to the [FDCPA's] rigors. Everyone agrees that the term embraces the repo

11 man – someone hired by a creditor to collect an outstanding debt."); <u>Piper v. Portnoff</u>

12 <u>Assoc., Ltd.</u>, 396 F.3d 227, 236 (3rd Cir. 2005) ("any person whose "principal

13 business is the enforcement of security interests … must comply with the provisions

14 of [§ 1692f(6)]"); <u>James v. Ford Motor Credit Co.</u>, 842 F.Supp. 1202, 1207 (D.

15 Minn. 1994), <u>aff'd</u> 47 F.3d 961 (8th Cir. 1995) (citing <u>Jordan</u>, <u>supra</u>). Furthermore,

16 the FDCPA lists six categories of persons that are specifically excluded from the

17 classification as a debt collector. 15 U.S.C. §§ 1692a(6)(A)-(F). Repossession

18 agencies are not named in this list. <u>Id.</u>; <u>see also</u> <u>Rivera v. Dealer Funding, LLC</u>, 178

19 F.Supp.3d 272, 277 (E.D. Pa. 2016) ("The six classes of excluded debt collectors

20 listed did not specifically state repossession agencies.") (<u>citing</u> 15 U.S.C.

21 § 1692a(6)); <u>Jordan</u>, 731 F.Supp. at 656 (holding the same).

22        CARS Recovery's motion makes no mention of the expanded definition of a

23 debt collector in § 1692a(6). This provision subjects repossession companies like

24 CARS Recovery to the provisions of § 1692f(6), even if they are not generally

25 subject to other sections of the FDCPA. <u>See, e.g.</u>, <u>Buzzell v. Citizens Automobile</u>

26 <u>Fin., Inc.</u>, 802 F.Supp.2d 1014, 1020 (D. Minn. 2011) ("[C]ourts in this district have

27 plainly held that § 1692f(6) of the FDCPA does apply to repossession companies.");

28 <u>Clark v. Auto Recovery Bureau</u>, <u>supra</u>, 889 F.Supp. at 546 ("Repossession

companies are ordinarily beyond the scope of the FDCPA. The exception to this general rule is set forth in section 1692f(6)…."); James, 842 F.Supp. at 1207 ("Courts have held that repossession companies, like actual creditors, are generally outside the scope of FDCPA. *However, the statute does explicitly extend to repossession companies when they act in 'the enforcement of security interests' of others*.") (emphasis added; citations omitted); Jordan, 731 F.Supp. at 657 ("It thus appears that Congress intended an enforcer of a security interest, such as a repossession agency, to fall outside the ambit of the FDCPA *except for the provisions of § 1692f(6)*.") (emphasis added); see also Piper, 396 F.3d at 236 ("Section 1692a(6) thus recognizes that there are people who engage in the business of repossessing property, whose business does not primarily involve communicating with debtors in an effort to secure payment of debts.").

The cases cited by CARS Recovery in its own motion recognize the expanded definition of a debt collector in § 1692a(6), and its relation to § 1692f(6). See Montgomery v. Huntington Bank, 346 F.3d 693, 700–01 (6th Cir. 2003) ("In sum, we likewise conclude that *except for purposes of § 1692f(6)*, an enforcer of a security interest, such as a repossession agency, does not meet the statutory definition of a debt collector under the FDCPA.") (emphasis added); Nadalin v. Auto. Recovery Bureau, Inc., 169 F.3d 1084, 1085 (7th Cir. 1999) ("The [FDCPA] regulates the practices of 'debt collectors,' a term that is defined as excluding repossessors and other enforcers of security interests, 15 U.S.C. § 1692a(6), *except that a repossessor may not take or threaten to take nonjudicial action to dispossess a person of property if "there is no present right to possession of the property claimed as collateral through an enforceable security interest.'"*) (emphasis added; citation omitted); James v. Ford Motor Credit Co., 47 F.3d 961, 962 (8th Cir. 1995) ("[A] few provisions of the Act subject repossession companies to potential liability when they act in the enforcement of others' security interests.") (citations omitted); Jordan, 731 F.Supp. at 657 (discussed supra); Brooks v. Leon's Quality Adjusters, Inc., No. 15-

7

cv-000965, 2016 WL 4539967, at *12 (E.D. Cal. Aug. 30, 2016) ("Significantly, *only for 'the purpose of section 1692f(6),'* the term 'debt collector... also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of any security interests.'") (emphasis added).

Plaintiff's Complaint clearly alleges that CARS Recovery falls within the definition of a debt collector under § 1692a(6). See Complaint, ¶ 14. These allegations must be accepted as true for purposes of CARS Recovery's motion. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).[2]

Plaintiff does not allege that CARS Recovery violated any section of the FDCPA other than § 1692f(6). Thus, plaintiff need not allege that CARS Recovery falls under the general definition of debt collector in the FDCPA – *i.e.*, that its "principal purpose" is "debt collection," or that it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).[3] In sum, plaintiff's Complaint alleges that CARS Recovery is a debt collector under the FDCPA for the purpose of § 1692f(6).

**B.**   **Plaintiff's Complaint Alleges That CARS Recovery Is A Debt Collector Under The Rosenthal Act.**

CARS Recovery's contention that a repossession agency is not a debt collector under the Rosenthal Act – because it did not attempt to collect any money from plaintiff – is wrong. This same argument has been rejected by at least one court in the Central District of California. See RJN, Ex. 2, p. 12 (Order in Clark v. Par, Inc.).

The Rosenthal Act is consumer protection legislation, and was specifically intended to provide a shield against unfair debt collection practices. Cal. Civ. Code

_____

[2] The Court also can take judicial notice of CARS Recovery's California Repossession Agency license. See RJN, Ex. 1.

[3] Though plaintiff could make this allegation, as discovery has revealed that CARS Recovery also assists in the collection of allegedly past due amounts on accounts assigned to it.

1   § 1788.1(b). The California Legislature found that "unfair or deceptive debt

2   collection practices undermine the public confidence which is essential to the

3   continued functioning of the banking and credit system and sound extensions of

4   credit to consumers." Id., § 1788.1(a)(2).

5       The Rosenthal Act uses a sweeping definition of a "debt collector," even

6   "broader than that contained in the FDCPA." Izenberg v. ETS Services, LLC, 589

7   F.Supp.2d 1193, 1199 (C.D. Cal. 2008). Under the Rosenthal Act, a "debt collector"

8   includes anyone who "regularly … engages in debt collection." Cal. Civ. Code

9   § 1788.2(c). "Debt collection" is defined as "any act or practice in connection with

10  the collection of consumer debts." Id., § 1788.2(b). "Consumer debt" means "money,

11  ***property*** or their equivalent, due to owing or alleged to be due or owing from a

12  natural person by reason of a consumer credit transaction." Id., § 1788.2(f) (emphasis

13  added). Finally, "consumer credit transaction" covers transactions "in which

14  property, services or money is acquired on credit by [a] natural person from [another]

15  person primarily for personal, family, or household purposes." Id., § 1788.2(e).

16      Plaintiff's Complaint alleges facts that bring CARS Recovery within the

17  definition of a debt collector under the Rosenthal Act. Plaintiff alleges that she

18  acquired property (her vehicle) on credit from Capital One Auto Finance for

19  personal, family or household purposes, pursuant to a conditional sale contract. See

20  Complaint, ¶ 7. Plaintiff further alleges that Capital One Auto Finance hired CARS

21  Recovery to conduct the nonjudicial repossession of property (plaintiff's vehicle),

22  which was alleged to be due and owing under plaintiff's contract with Capital One

23  Auto Finance. See id. Plaintiff additionally alleges that CARS Recovery engaged in

24  acts in connection with the collection of that property. See id., ¶¶ 7-8. Lastly,

25  plaintiff alleges that CARS Recovery, "regularly and in the ordinary course of

26  business, on behalf of [itself] or others, engage[s] in acts and practices in connection

27  with the collection of money, property or their equivalent which is due or owing or

28  alleged to be due or owing from a natural person to another natural person." Id., ¶ 24.

9

1    All of these allegations must be accepted as true for purposes of CARS Recovery's

2    motion. Fleming v. Pickard, supra, 581 F.3d at 925.

3          Again, CARS Recovery cannot contradict the allegations of the Complaint that

4    it committed a breach of the peace, which is a violation of the Rosenthal Act, through

5    California Civil Code § 1788.17 (see discussion, infra, p. 11). CARS Recovery

6    merely argues that it not a debt collector under the Rosenthal Act because the

7    Complaint does not allege that CARS Recovery sought collection of any money from

8    plaintiff. See Motion, 6:16-18. But, as discussed, the definition of a consumer debt in

9    the Rosenthal Act is not limited to money. It also expressly includes "property". The

10   Court should not ignore the California Legislature's inclusion of that word in the

11   definition. Duncan v. Walker, 533 U.S. 167, 174 (2001) ("It is our duty to give

12   effect, if possible, to every clause and word of a statute.").

13         Furthermore, the Rosenthal Act exempts only attorneys. See Cal. Civ. Code

14   § 1788.2(c). There are no other exemptions, and certainly none for entities engaged

15   in the inherently dangerous repossession business. Imperial Merchant Services, Inc.

16   v. Hunt, 47 Cal.4th 381, 389 (2009) ("[I]f exemptions are specified in a statute,

17   [courts] may not imply additional exemptions unless there is a clear legislative intent

18   to the contrary."). The Court should not overlook that the Rosenthal Act is a

19   consumer protection law, specifically intended to shield against unfair debt collection

20   practices, including such practices in connection the collection of "property". Cal.

21   Civ. Code § 1788.1(b) . The Rosenthal Act must be liberally construed to accomplish

22   its remedial purposes. See Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033-34

23   (9th Cir. 2010); Pitney Bowes, Inc. v. State of Cal., 108 Cal.App.3d 307, 324 (1980).

24   Arbitrarily exempting from the Rosenthal Act's coverage an entire class of actors

25   whose work innately presents a risk to the public would contravene not only the

26   statute's plain language and its express list of exempt entities, but also its consumer

27   protection purpose and intent.

28

Moreover, the Rosenthal Act incorporates most of the FDCPA as a violation of state law, including 15 U.S.C. § 1692f(6). See Cal. Civ. Code § 1788.17 ("[E]very debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."); Townsend v. National Arbitration Forum, Inc., No. CV 09-9325, 2012 WL 12736, at *9 (C.D. Cal. Jan. 4, 2012) ("conduct by a debt collector that violates the FDCPA violates [the Rosenthal Act] as well.") (citation omitted). Since § 1692f(6) applies *only* to repossession agencies, there can be no doubt that the repossession business is covered by the Rosenthal Act. Otherwise, the Legislature's specific adoption of § 1692f(6) as a violation of state law, would be mere surplusage and an idle act, because California law immunizes the creditor lienholders for their repossessors' misconduct. See Cal. Bus. & Prof. Code § 7507.13(b). In sum, plaintiff's Complaint alleges that CARS Recovery is a debt collector under the Rosenthal Act.

**C.  Plaintiff's Complaint States A Claim Against CARS Recovery For Conversion.**

CARS Recovery raises two challenges to plaintiff's conversion claim: (1) CARS Recovery cannot be held liable in conversion merely because it was acting pursuant to a repossession order from Capital One Auto Finance; and (2) plaintiff's complaint does not allege a breach of the peace to support her conversion claim. See Motion, § VI. Neither contention has any merit.

First, California law holds that a repossession allegedly done in breach of the peace supports a conversion claim, even if there is a valid repossession order: "[W]e are of the opinion that where one is otherwise entitled to take possession of property, its repossession by such means [breach of the peace] constitutes a conversion." Henderson v. Security Nat'l Bank, supra, 72 Cal.App.3d at 770; see also Cerra v. Blackstone, 172 Cal.App.3d 604, 609 (1985) (once it is determined that a plaintiff has a right to possession, he has standing to bring a conversion action); Varela v.

1  Wells Fargo Bank, 15 Cal.App.3d 741 (1971) (affirming judgment of conversion

2  against lender who repossessed vehicle while loan was in default, under estoppel

3  theory). Even the primary case relied on by CARS Recovery – Brooks v. Leon's

4  Quality Adjusters, supra, 2016 WL 4539967 – recognizes that the focus is on the

5  repossessor's conduct, not whether there is a valid repossession order: "When a

6  repossessor breaches the peace and does not have a right of possession, such actions

7  can support a claim for conversion." Id., at *17 (citations omitted);[4] see also Aviles

8  v. Wayside Auto Body, Inc., 49 F.Supp.3d 216, 226, 234 (D. Conn. 2014) (denying

9  defendant's summary judgment motion on plaintiff's conversion claim based on an

10  alleged breach of the peace, even though it was undisputed that plaintiff was in

11  default under his security agreement).

12      Second, the Complaint sufficiently alleges CARS Recovery completed the

13  repossession of plaintiff's vehicle in breach of the peace. The UCC permits self-help

14  repossession only if the repossession agency "proceeds without breach of the peace."

15  Cal. Comm. Code § 9609(b)(2). Thus, the right to take possession of collateral

16  outside of the judicial process *is lost* upon a breach of the peace. Henderson, 72

17  Cal.App.3d at 770. Because "self-help repossession is a harsh remedy", a "strict

18  application" of the breach of the peace doctrine "is necessary to prevent abuse and to

19  discourage illegal conduct." Osborne v. Minnesota Recovery Bureau, Inc., No. 04–

20  1167, 2006 WL 1314420, at *2 (D. Minn. May 12, 2006); see also Quest v. Barnett

21  Bank of Pensacola, 397 So.2d 1020, 1023 (Fla. 1981) (self-help repossession is "a

22  very limited right of possession"); Davenport v. Chrysler Credit Corp., 818 S.W.2d

23  23, 30 (Tenn. App. 1991) ("[T]he statutes governing the repossession of collateral

24  should be construed in a way that prevents abuse and discourages illegal conduct

25

26

27  _____

[4] The other case relied on by CARS Recovery – Greka Integrated, Inc. v. Lowrey,
28  133 Cal.App.4th 1572 (2005) – did not concern a repossession, but instead involved
an alleged wrongful taking of company documents by an ex-employee.

1   which might otherwise go unchallenged because of the debtor's lack of knowledge of

2   legally proper repossession techniques.") (citation omitted).

3          The UCC "does not define or explain the conduct that will constitute a breach

4   of the peace, leaving that matter for continuing development by the courts." 4

5   Witkin, Summary of Cal. Law (10th ed. 2005), Secured Transactions in Personal

6   Property, § 178, p. 745. In Henderson, the California Court of Appeals held that a

7   breach of the peace occurred because the plaintiff's car "was obtained by the

8   repossessor *by means of an unlawful entry*", by breaking a lock to enter the garage

9   where plaintiff's car was stored. 72 Cal. App. 3d at 770 (emphasis added); see also

10  Davenport, 818 S.W.2d at 30 ("The courts have also disapproved of repossessions in

11  which the secured party or its agent entered the debtor's closed premises without

12  permission [citations]… These decisions, and others like them, have prompted

13  Professors White and Summers to observe that 'a breach of the peace is almost

14  certain to be found if the repossession is accompanied by the unauthorized entry into

15  a closed or locked garage.'") (citation omitted); Purkett v. Key Bank USA, supra,

16  2001 WL 503050, at *2 ("Purkett's allegation that [the repossession agency] broke

17  through a locked door to repossess the car is sufficient to allege that a breach of

18  peace occurred.").

19         California's Collateral Recovery Act, Cal. Bus. & Prof. Code §§ 7500, et seq.

20  ("CRA") – the consumer protection law governing repossession activities in this

21  State – sets forth a standard similar to the holding of Henderson, broadly prohibiting

22  a repossessor from "[u]nlawfully entering any private building or secured area

23  without consent of the owner." Cal. Bus. & Prof. Code § 7508.2(g); see also Cal.

24  Prac. Guide Enf. J. & Debt, Ch. 3-B, § 3:285 ("A repossessor may not enter a private

25  building or secured area to effect a repossession without the consent of the owner or

26  person in legal possession. [Bus. & Prof. C. § 7508.2(d)] Thus, if consent cannot be

27  obtained, the creditor must file suit and obtain a writ of possession through the claim

28

13

1   and delivery process. The creditor may then have the levying officer (sheriff or
2   marshal) enter the private area and seize the property.").

3       Notably, Business and Professions Code § 7508.2 was enacted in 1981, *after*
4   the decision in <u>Henderson</u>. The California Legislature thus is presumed to have
5   known about the holding of <u>Henderson</u> at the time of its enactment of § 7508.2. <u>Blair</u>
6   <u>v. Rent-A-Ctr., Inc.</u>, No. C 17-02335, 2018 WL 5721799, at *3 (N.D. Cal. Nov. 1,
7   2018) ("[T]he Legislature is presumed to know about existing case law when it
8   enacts or amends a statute.") (<u>quoting</u> <u>In re W.B.</u>, 55 Cal. 4th 30, 57 (2012), <u>as</u>
9   <u>modified on denial of reh'g</u> (Sept. 26, 2012)). Instead of abrogating or limiting the
10  holding of <u>Henderson</u> in any way, the Legislature unequivocally endorsed a *broad*
11  *and absolute prohibition* against any unlawful entry into a private building or
12  secured area without permission. <u>See</u> Cal. Bus. & Prof. Code § 7508.2(d).

13      Plaintiff's Complaint alleges that CARS Recovery violated the established
14  repossession law set forth in <u>Henderson</u> and the CRA, Cal. Bus. & Prof. Code
15  § 7508.2(d). The Complaint specifically alleges that CARS Recovery "completed the
16  repossession of plaintiff's vehicle by entering private property in Los Angeles which
17  was secured by a locked gate and fence, without permission." Complaint, ¶ 8. In the
18  <u>Clark v. PAR, Inc.</u> case, Judge Fitzgerald found similar allegations sufficient to
19  allege a breach of the peace. <u>See</u> RJN, Ex. 2, p. 9 ("Plaintiff alleges that Reliable
20  committed a breach of the peace when it entered gated, private property without
21  permission. The Court agrees. <u>See</u> <u>Rainwater v. Rx Medical Services Corp.</u>, CV-95-
22  05596-REC, 1995 WL 907888, at *6 (E.D. Cal. Dec. 6, 1995) (noting that breach of
23  the peace may occur when a creditor enters any private structure without the 'express
24  content of the person in charge').").

25      CARS Recovery pays mere lip-service to plaintiff's allegations, positing that
26  plaintiff must allege that CARS Recovery also used "force or threat of force" for
27  there to be a breach of the peace. <u>See</u> Motion, 7:1-4, 14-23. CARS Recovery relies
28  on <u>Henderson</u> for this proposition, <u>see id.</u>, 7:1-4, but the <u>Henderson</u> court made no

14

1  such holding. The <u>Henderson</u> court held that the repossession was completed in

2  breach of the peace because the plaintiff's car was obtained by the repossessor by

3  means of an unlawful entry, which was accomplished by breaking a lock. <u>See</u>

4  <u>Henderson</u>, 72 Cal.App.3d at 770. In dicta, the court merely quoted an Arkansas case

5  which used the words "force or threats of force". <u>See id.</u> (citation omitted).

6      Plaintiff need not allege any additional force or threat of force by CARS

7  Recovery. The actual holding of <u>Henderson</u> is consistent with other cases throughout

8  the nation, which have held that no violence or force, or threats of violence or force,

9  is necessary for there to be a breach of the peace. <u>See</u> <u>In re Daniel</u>, 137 B.R. 884, 888

10  (D. S.C. 1992) ("The acts need no element of violence to constitute a breach of the

11  peace.") (citation omitted); <u>Laurel Coal Co. v. Walter E. Heller & Co., Inc</u>., 539

12  F.Supp. 1006, 1008 (W.D. Penn. 1982) ("even non-forceful repossessions may be

13  found unlawful"); <u>Thompson v. Ford Motor Credit Co</u>., 324 F.Supp. 108, 115

14  (D.S.C. 1971) (no element of violence is needed to constitute a breach of the peace);

15  <u>Saice v. Midamerica Bank</u>, No. Civ. 98–2396, 1999 WL 33911356, at *2 (D. Minn.

16  Sept. 30, 1999) ("neither violence nor threat of violence need occur before a breach

17  of the peace may be found"); <u>Davenport</u>, 818 S.W.2d at 28-29 ("neither violence, the

18  threat of violence, nor personal confrontation is necessary in order for a secured

19  party's conduct to amount to a breach of the peace"); <u>Ragde v. Peoples Bank</u>, 767

20  P.2d 949, 951 (Wa. 1989); <u>Bloomquist v. First Nat'l Bank of Elk River</u>, 378 N.W.2d

21  81, 85-86 (Minn. 1985) (no requirement of force, violence, or threat of violence);

22  <u>Hilliman v. Cobado</u>, 499 N.Y.S.2d 610, 614 (1981) (no requirement of physical

23  confrontation or threat thereof).[5]

24      Moreover, courts nationwide have held, consistent with <u>Henderson</u>, that *any*

25  unlawful entry through a gate or barrier is a breach of the peace. <u>See, e.g., Rogers v.</u>

26

27  _____

28  [5] In <u>Henderson</u>, the court found a breach of the peace even though the repossessor
was the only person present during the repossession. <u>See Henderson</u>, 72 Cal.App.3d
at 768, 770; <u>see also Purkett</u>, 2001 WL 503050, at *2 (debtor was not present).

1   Allis-Chalmers Credit Corp., 679 F.2d 138, 141 (8th Cir. 1982) (entry onto property
2   through "at least one [unlocked] gate" created issue of fact whether breach of peace
3   occurred); Laurel Coal, 539 F.Supp. at 1007 (cutting a chain used to lock a fence);
4   Madden v. Deere Credit Services, Inc., 598 So.2d 860 (Ala. 1992) (creditor abuses
5   privilege when the collateral is located inside fences or is otherwise enclosed);
6   Pantoja-Cahue v. Ford Motor Credit Co., 872 N.E.2d 1039, 1045 (Ill. App. 2007)
7   (breach of the peace occurs by "breaching of chains, gates, barricades, doors or other
8   barriers"); Davenport, 818 S.W.2d at 30 (discussed, supra); Meyers v. Ford Motor
9   Credit Co., 619 S.W.2d 572 (Tex. App. 1981) (breaking into locked garage). In other
10  words, the means to accomplish an unlawful entry into a secured area are not
11  determinative; the fact of an unlawful entry into a secured area, by any means,
12  establishes a breach of the peace.
13      Indeed, the caselaw and Business and Professions Code § 7508.2(d)
14  demonstrate that the breach of the peace rule of law is *preventative* in nature,
15  protecting against the *risk* of harm to the public. See Henderson, 72 Cal.App.3d at
16  770 ("the preservation of the public peace is of more importance to society than the
17  right of the owner of a chattel to get possession of it"); Nichols v. Metropolitan
18  Bank, 435 N.W.2d 637, 639 (Minn. Ct. App. 1989) ("[Under the UCC,] a secured
19  party must ensure there is no risk of harm to the debtor and others if the secured
20  party chooses to repossess collateral by self-help methods."). Thus, the *risk* of a
21  confrontation, not an actual confrontation, can amount to a breach of the peace. See
22  Restatement (Second) of Torts § 116 ("A breach of peace is a public offense done by
23  violence, or one causing *or likely to cause* an immediate disturbance of public
24  order.") (emphasis added); Chrysler Credit Corp. v. Koontz, 661 N.E.2d 1171, 1173
25  (Ill. Ct. App. 1996) ("the probability of violence at the time of or immediately prior
26  to the repossession is sufficient"). To be sure, there is a great risk of confrontation –
27  and resulting public disturbance – when a repossessor enters a secured area,
28  regardless of how the repossessor breached the gate or barrier. In this case, CARS

16

1   Recovery's agent just being in the secured garage area led to an actual confrontation

2   between the agent and a female resident of plaintiff's building, while her young

3   daughter was present. <u>See</u> Complaint, ¶ 9. That presumably is why the California

4   Legislature passed an unconditional prohibition against entering secured areas

5   without permission. <u>See</u> Cal. Bus. & Prof. Code § 7508.2(d).

6       The cases relied on by CARS Recovery in its motion are wholly inapplicable.

7   In the non-published <u>Brooks</u> decision, there was *no gate or barrier by the entry into*

8   *the property* where the repossession occurred, a fact the court found determinative on

9   the breach of the peace issue. <u>See id.</u>, 2016 WL 4539967, at *13 ("Rodriguez [the

10  repossession agent] was not required to open a gate, or move any physical barrier to

11  enter the parking lot where Plaintiff's vehicle was located."). <u>Civic Western Corp. v.</u>

12  <u>Zila Industries, Inc.</u>, 66 Cal.App.3d 1 (1977), did not even involve an automobile

13  repossession or the UCC, but instead concerned an alleged trespass after the creditor

14  entered peacefully with keys to the borrower's property and then excluded the

15  borrower's officers from access to their personal records. <u>Id.</u>, at 17-18. Moreover, the

16  court actually denied summary judgment in favor of the creditor on the borrower's

17  trespass claim, finding that such acts could amount to an unlawful trespass. <u>See</u> <u>id.</u>

18      In sum, plaintiff's Complaint alleges a claim for conversion against CARS

19  Recovery, based on its breach of the peace. To the extent there is any doubt on the

20  critical issue as to whether a breach of the peace occurred in this case, the Court

21  should let the jury decide. <u>See</u> <u>Marcus v. McCollum</u>, 394 F.3d 818, 820 (10th Cir.

22  2004) ("The circumstances of each case must be considered in determining whether

23  or not a breach of peace has taken place, and the jury is the judge of the facts").

24  ///

25  ///

26  ///

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    **CONCLUSION**

For all of the foregoing reasons, plaintiff respectfully requests that the Court deny CARS Recovery's motion in its entirety. If the Court is inclined to grant the motion in any respects, plaintiff respectfully requests leave to amend her Complaint.

Respectfully submitted,

Dated: January 10, 2019
LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

By: /s/ Brandon Block
Brandon Block

Attorneys for Plaintiff
ANISA LORD

1

## **PROOF OF SERVICE**

2

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

     I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: Law Offices of Brandon A. Block, A Professional Corporation, 433 North Camden Drive, Suite 600, Beverly Hills, CA 90210.

5

6

     On the date of execution of this Proof of Service, I caused the attached document to be served on the person(s) listed below.

7

8

|  |  |
|---|---|
| Person(s): | Representing: |

9

Stephanie Berman Schneider         Defendant CARS Recovery, Inc.
Howard Smith
BERMAN BERMAN BERMAN

10

SCHNEIDER & LOWARY, LLP
11900 West Olympic Blvd., Suite 600
Los Angeles, California 90064-1151

11

12

     I served the document **by CM/ECF NOTICE OF ELECTRONIC FILING**. I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

13

14

15

     I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on January 10, 2019 at Beverly Hills, California.

16

17

                      /s/ Brandon Block
                      Brandon Block

18

19

20

21

22

23

24

25

26

27

28