1 | Stephanie Berman Schneider, Esq. (SBN 168519)
2 | Howard Smith, Esq. - SBN 166571
  | BERMAN BERMAN BERMAN
3 | SCHNEIDER & LOWARY, LLP
  | 11900 West Olympic Blvd., Suite 600
4 | Los Angeles, California 90064-1151
  | Telephone: (310) 447-9000
5 | Facsimile: (310) 447-9011
  | Email: sjschneider@b3law.com, hjsmith@b3law.com
6 | 
7 | Attorneys for Defendant
  | CARS RECOVERY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| ANISA LORD, | CASE NO: 2:18-cv2076 |
| --- | --- |
| Plaintiff, | Complaint Filed: 03/13/18 |
| vs. | **REPLY IN SUPPORT OF DEFENDANT CARS RECOVERY, INC. MOTION FOR JUDGMENT ON THE PLEADINGS** |
| CARS RECOVERY, INC., a California corporation; and DOES 1 through 10, inclusive | |
| Defendants. | Date: January 31, 2019<br>Time: 10:00 a.m.<br>Ctrm: 580 |
| | Assigned: Judge Fernando M. Olguin<br>Referred: Magistrate Judge Frederick F. Mumm |
| | Trial Date: April 9, 2019 |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PLAINTIFF HAS FAILED TO PRESENT ANY AUTHORITY SUPPORTING THE CONTENTION THAT DEFENDANT REPOSSESSION COMPANY CONSTITUTES A "DEBT COLLECTOR" UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

As a preliminary matter, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." (*Perez v. City of L.A.* (9th Cir. 2004) 98 Fed.Appx. 703, 706.) The Complaint and the resulting Opposition together form a chorus with the constant refrain that a repossession company is governed by the entire FDCPA. That conclusion is unsupported.

Plaintiff ANISA LORD's argument is premised on Defendant CARS RECOVERY, INC. ("CARS") being a debt collector as defined under the FDCPA. Plaintiff's Opposition relies partly on the 1990 *Jordan v Kent* opinion, where in granting the Defendant's summary judgment motion, "the Court concludes that Kent Recovery is a repossession agency within the meaning of the FDCPA, not a debt collector." (*Jordan v. Kent Recovery Services, Inc.* (D. Del. 1990) 731 F.Supp.652, 660 [emphasis added].) As to Plaintiff's other cited legal authority, *Piper v. Portnoff Law Assocs.* (3rd Cir. 2005) 396 F.3d 227, 232-237 dealt with collection efforts of overdue water and sewer payments, while *Rivera v. Dealer Funding, LLC* (E.D. Pa. 2016) 178 F.Supp.3d 272, 277-278 was dismissed because it was undisputed that Plaintiff had defaulted on her auto loan.

Plaintiff's conclusion that "CARS Recovery falls within the definition of a debt collector under Section 1692a(6) ... must be accepted as true for the purposes of CARS Recovery's motion," is not supported by the cited *Fleming* case where the Court of Appeals affirmed granting the Motion for Judgment on the Pleadings because the actions were outside the scope of the debt obligations contemplated by the FDCPA. (*Fleming v. Pickard* (9th Cir. 2009) 581 F.3d 922, 925.)

Plaintiff's judicial admission in her Opposition that she had "fall[en] behind on her payments to Capital One Auto Finance." [Opposition 1:6.] "Plaintiff paid her loan current and got her car back." [Opposition, at p.2, lines12-13.] Ultimately the legal conclusion offered by Plaintiff is the same after considering the authority cited in the Opposition- the only provision of the FDCPA which a repossession company could potentially be governed by is Section 1692(f)(6), which states in pertinent part:

> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property; or
> (C) the property is exempt by law from such dispossession or disablement.

The Complaint avoided disclosing the facts regarding the status of the subject auto finance loan, instead only alleging that "Capital One Auto Finance" was "assigned the contract" and ultimately "hired CARS Recovery to conduct" the repossession. [Complaint, at ¶.7, p.2, lines15-16.] Plaintiff's Opposition provides clarity by admitting that Plaintiff was not current on her loan payments at the time of the repossession, resulting in the repossession and eliminating any viable challenge to CARS' claim that it had a "present right to possession of the property claimed as collateral through an enforceable security interest."

With the above points in mind, Plaintiff has failed to cite to any authority supporting the assertion that CARS as a repossession company constitutes a debt collector under the Federal Fair Debt Collection Practices Act. First, there are the cases cited in Plaintiff's opposition.

Significantly, the Court in ***Jordan v. Kent Recovery Serv., Inc., supra*** 731 F.Supp. at pp. 656-660 expressly found that a repossession company was not a debt collector under the statute:

In *Jordon*, the purchaser bought a car financed by a loan offered through the car dealership and later assigned to a bank. The purchaser posted the car as collateral for the loan, thereby giving the bank a security interest in the car. When payments on the loan were delinquent, the bank requested the repossession company to repossess the car. Although the car was never repossessed, the purchaser nevertheless brought suit against Defendants, alleging that they violated various provisions of the FDCPA.

The court granted summary judgment to Defendants, holding that because the definition of "debt collector" under 15 U.S.C. Section 1692a(6) did not include the enforcer of a security interest, such as a repossession agency, except for the prohibitions described in 15 U.S.C. Section 1692f(6), the repossession company fell outside the ambit of the FDCPA. The court found that the repossession company was not acting as a collection agency because it was seeking recovery of the purchaser's car, not recovery of the debt itself. Accordingly, because the repossession agency was not engaged in the indirect collection of a "debt" when it attempted to repossess the car, it could not be held liable under the FDCPA.

Likewise, in *Piper v. Portnoff Assoc. Ltd. supra*, 396 F.3d at pp. 232-237, the Court made no statement regarding a repossession company, but instead held that the communications of the law firm to the homeowner were subject to the requirements of the FDCPA. Similarly, in *Rivera v. Dealer Funding, supra*, 178 F.Supp.3d at pp. 277-278, the Court granted the Defendant's Motion to Dismiss because the Plaintiff had failed to show that the repossession company had violated 15 U.S.C. Section 1692f(6) because "Plaintiff has admitted her car was repossessed because she defaulted on her RISC.

In *Clark v. Auto Recovery Bureau* (D.Conn. 1994) 889 F.Supp. 543, 546-547, in entering judgment for Defendant on the Federal Fair Debt Collection Practices Act claims, the Court ruled that repossession companies were ordinarily beyond the scope of the FDCPA.

///

Plaintiff has also failed to distinguish the cases cited in CARS' moving papers. Missing from Plaintiff's "discussion" of ***Montgomery v. Huntington Bank*** (6th 2003) 346 F.3d 693, 699-700 is the following: "Finally, for purposes of 15 U.S.C. Section 1692f(6), an enforcer of a security interest, such as the repossession agency, did not meet the statutory definition of a debt collector. Plaintiff admitted that the repossession agency was simply acting as a repossession agency when it seized his mother's car. As such, the repossession agency did not qualify as a debt collector under 15 U.S.C. Section 1692d and 15 U.S.C. Section 1692d." Likewise, in "discussing" ***Nadalin v. Auto Recovery Bureau, Inc.*** (7th Cir. 1999) 169 F.3d 1084, 1085, while Plaintiff points language from the decision, he is unable to show that the Court there held that a repossession company was a debt collector under the statute.

Again, Plaintiff's "discussion" of ***Brooks v. Leon's Quality Adjusters, Inc.*** (E. Cal. 2016) U.S. Dist. LEXIS 116803 *34-35, omits the following: "As noted above, the Court looks to state law to determine whether Defendants had a "present right to possession" of the collateral. Plaintiff fails to carry his burden to identify actions by Defendants that constitute a breach of the peace under California law. Accordingly, Plaintiff fails to demonstrate Defendants violated Section 1692f(6)(A), because they had "a present right of possession" to his truck, and summary adjudication is appropriate on this claim. (*citation*.). Defendants' motion as to the alleged violations of the Fair Debt Collection Practices Act is **GRANTED**."

## II. PLAINTIFF'S OPPOSITION HAS ALSO FAILED TO PROVIDE AUTHORITY SUPPORT THE CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA (ROSENTHAL) FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff's counsel curious tactic of asking this Court to take judicial notice of the "civil minutes" of ***Clark v PAR Inc.*** [Opposition, at p.8, line 22, Request for Judicial Notice (RJN)] is procedurally improper, which should be clear since Plaintiff's counsel in this lawsuit was the same counsel in ***Clark***.

Plaintiff asks the Court to reject published decisions and rely upon unpublished district court decision. Not only should the Court not rely upon unpublished decision, but Plaintiff only argues that the decision is relevant to the California Rosenthal claim. So at a minimum, if Plaintiff can only argue that Defendant is a "debt collector" under California law, then should grant as to federal cause of action and remand the action back to state Court to resolve the California claims.

Regardless, the glaring omission from *Clark* is that his client there did *not* make the judicial admission that she was behind in the loan payments, making the lender legally entitled to possession of the subject collateral. Counsel's previous client only alleged that she received a loan, the repossession company was hired by the lender in connection with the loan contract, and that the repossessor "engaged in similar practices over 'at least the last four years.'" The instant case is easily distinguishable, not least of all that Plaintiff concedes she had defaulted on the loan payments allowing the lender to enjoy the right of possession.

The Opposition cites to *Izenberg* for the definition of "debt collector," yet fails to provide context that the Izenberg court granted lender's 12(b)(6) motion to dismiss, finding the property owner's FDCPA claim was deficient as it did not allege that the company was a debt collector or that it was attempting to collect a debt because foreclosure did not constitute debt collection under the Rosenthal Act. (*Izenberg v. ETS Servs., LLC* (C.D. Cal. 2008) 589 F.Supp.2d 1193, 1199.) As for Plaintiff's reliance on *Donahue*, that case involved allegations that a Defendant, through the demand letter and subsequent civil complaint, violated Sections 1692e and 1692f by charging more than 12 percent annual interest in contravention of the usury law. (***Donohue v. Quick Collect, Inc.*** (9th Cir. 2010) 592 F.3d 1027, 1028.) The ***Townsend*** case is similarly distinguishable because it involved "forty defendants, among which are credit-card issuing banks, collection agencies, and the National Arbitration Forum." (***Townsend v. Nat'l Arbitration Forum, Inc.*** (C.D. Cal. 2012) 2012 U.S. Dist. LEXIS 590, *25-30.)

In sum, Plaintiff provides no legal authority to support her contention that the subject repossession by CARS of the automobile while the borrower was in default to the lender is governed by the Rosenthal Act.

### III. PLAINTIFF'S COMPLAINT FAILS TO INCLUDE SUFFICIENT FACTS TO SUPPORT A CAUSE OF ACTION FOR CONVERSION

The legal authority cited in the Opposition with respect to the conversion cause of action is off-point with respect to the repossession of a vehicle from a defaulted borrower. The **Rivera** opinion cited in the Opposition stands the proposition that the repossession agency had right to possession because the owner defaulted on her loan, therefore not in violation of Section 1692f(6). (***Rivera v. Dealer Funding, LLC*** (E.D. Pa. 2016) 178 F.Supp.3d 272, 277.) The Court went on to conclude in granting Defendant's Motion to Dismiss that Plaintiff did not allege that she was present at the time of the repossession or threats of force were used. Similarly in the case at bar, the Complaint does not allege she was present at the time of the repossession or had any personal contact with CARS' personnel but instead only contains the hearsay allegation regarding what the CARS agent allegedly said to an unidentified person.

The decision in ***Cerra v. Blackstone*** (1985) 172 Cal.App.3d 604, 606 dealt with a purchaser's action for conversion against the auto dealer (not a repossession firm) arising out of the repossession *and sale* of a vehicle subject to the Rees-Levering Motor Vehicle Sales and Finance Act, California Civil Code Sections 2981, et seq. With respect to Plaintiff's Estoppel argument, the conduct of the lender/bank in ***Varela*** "indicated that Plaintiff was not expected to pay the installments on the exact date when due. It is clear that had it not been for the errors in the summary … there would have been no repossession on November 2." (***Varela v. Wells Fargo Bank*** (1971) 15 Cal.App.3d 741, 748.)

Much of Plaintiff's legal authority cited in her Opposition is with respect to "breach of the peace" [and the related conversion claim] and also requires proper context. ***Henderson v. Security Nat. Bank*** (1977) 72 Cal.App.3d 764, 768 dealt with

a broken lock on the Plaintiff's personal garage door. ***Vantu v. Echo Recovery, L.L.C.*** (N.D. Ohio 2015) 85 F.Supp.3d 939, 941 involved a Plaintiff who withstood "a confrontation [where Defendant] brandished a semi-automatic pistol, pointed it through the van window at Vantu's head, shouted profanity[,] and threatened to shoot Vantu … Fearing for her life, Vantu opened the van door. Maddox then 'physically battered Vantu while trying to take the keys to the van.'". The Court in ***Alexander v. Blackhawk Recovery & Investigation, L.L.C.*** (E.D. Mich. 2010) 731 F.Supp.2d 674, 680 was presented with Plaintiff's testimony that Defendant 'went to his residence at unreasonable hours, pounded loudly on his door while yelling and at times used offensive language. On at least one occasion, Alexander witnessed Blackhawk employees trying to break into his garage,' in addition to filing a false police report resulting in the arrest and detention of Alexander."

The Plaintiffs in ***Dudley v. Legal Investigations, Inc.*** (N.D. Ill. 2007) 2007 U.S. Dist. LEXIS 21653, *4 had suffered at the hands of that repossession firm when "called back about four times, and then, about five minutes later, someone entered Ms. Dudley's secured building and began to bang and kick at her front door as if trying to break it down." Even more upsetting, once Plaintiff Dudley recovered the automobile, they "discovered that the repossession men had pulled everything out of the glove compartment; that the steering column was loose and the panel covering the column was broken; that the wires to the column had been pulled out and cut; that the ignition was damaged from having something jammed into it; that fuses had been taken from the fuse box; and that the battery cable had been pulled loose and cut."

In spite of evidence that the repossession entity in ***Pflueger v. Auto Fin. Group, Inc.*** (C.D. Cal.1999) 1999 U.S. Dist. LEXIS 16701, *18 was "throwing objects at the home as well as shouting obscenities" during the repossession, the court awarded summary judgment to Defendant repossession agency because Defendants were not debt collectors as defined under the statutes. The Opposition includes more examples of opinions written in cases with egregious facts, including a Defendant "enter[ing]

[Plaintiff's] premises and ejected [its] employees and changed the locks on the doors,"[1] one where the tow-truck was connected to the vehicle <u>while a child was still inside</u>,[2] and another where a mobile home was repossessed <u>with a child inside</u>.[3] The examples of broken-lock cases cited [***Davenport***,[4] ***Laurel Coal***,[5] ***Purkett***[6]] are also easily distinguishable as no such allegation is made.

The ***Clark*** case cited in the Opposition bears some resemblance to the instant litigation in that "the Court is satisfied that Defendant properly exercised its present right to possess the Saab. ... The crew members successfully avoided a confrontation with the debtor and thus a breach of peace. ... It follows that Defendant exercised a present right to possession of the car in accordance with section 1692f(6) of the FDCPA." (***Clark v. Auto Recovery Bureau, Inc.*** (D. Conn. 1994) 889 F.Supp.543, 547. The case at bar also involves a borrower in default on the loan whereby the

---

1 (***Civic Western Corp. v. Zila Industries, Inc.*** (1977) 66 Cal.App.3d 1, 17.)

2 "Penny then "lowered the boom, and it made contact with the [Honda's] rear tires." (Wayside 56(a)(1) Statement ¶ 22.) Soto was still in the vehicle at that time, and felt something "slam into the car." (Wayside 56(a)(1) Statement ¶ 23.) Soto then sat up to see what was happening, and saw Penny standing at her window yelling at her, telling her to "get the [expletive deleted] out of the car." (Wayside 56(a)(1) Statement ¶ 25.) Penny also told Soto "you need to get your [expletive deleted] out of the car. I'm taking the car," and "I'm here to take the car. I'm here to repossess the car." (***Aviles v. Wayside Auto Body, Inc.*** (D. Conn. 2014) 49 F.Supp.3d 216, 220.)

3 The men had disconnected the sewer, water, power and phone. Daniel told the men to leave and that they could not take the home. ... She left her son in the mobile home with instructions not to allow the men to take the home. Daniel believed that LeMaster had agreed to wait until she returned before he took any further action. LeMaster did not wait for Daniel to return. He and the other men proceeded with the repossession." (***In re Daniel*** (D. S.C. 1992) 137 B.R. 884, 886.)

4 (***Davenport v. Chrysler Credit Corp.*** (Tenn. 1991) 818 S.W.2d 23, 30.)

5 (***Laurel Coal Co. v. Walter Heller & Co.*** (W.D. Pa. 1982*) 539 F.Supp.1006, 1007.)

6 (***Purkett v. Key Bank USA, N.A.*** (N.D. Ill. 2001) 2001 U.S. Dist. LEXIS 6126, *2.)

repossession company is enlisted by the lender, which had a present right of possession, to collect the vehicle and <u>avoided contact with the borrower</u>. The cases cited in the Opposition typically address the most egregious examples of conduct between borrowers and debt collectors but none can be closely analogized to the facts alleged in the Complaint.

## IV. **CONCLUSION**

Defendant CARS RECOVER, INC. respectfully ask this Court to dismiss the Complaint on the bases that Defendant could not have violated <u>Section 1692f(6)</u> or the Rosenthal Act because Plaintiff ANISA LORD was in default on the loan payments, CARS was in rightful possession of the collateral and because Plaintiff does not allege she was present to witness the repossession or allege any broken lock or other property damage to support any breach-of-peace claim. Dismissal is proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (***Balistreri v. Pacifica Police Dept.*** (9th Cir. 1990) 901 F.2d 696, 699.)

DATED: January 17, 2019

BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP

By: _____
HOWARD SMITH
Attorneys for Defendant
CARS RECOVERY, INC.