1  Stephanie Berman Schneider, Esq. (SBN 168519)
   Howard Smith, Esq. - SBN 166571
2  BERMAN BERMAN BERMAN
   SCHNEIDER & LOWARY, LLP
3  11900 West Olympic Blvd., Suite 600
   Los Angeles, California 90064-1151
4  Telephone: (310) 447-9000
   Facsimile: (310) 447-9011
5  Email: sjschneider@b3law.com, hjsmith@b3law.com

6  Attorneys for Defendant
   CARS RECOVERY, INC.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  ANISA LORD,                          )  CASE NO: 2:18-cv2076
                                         )  Complaint Filed: 03/13/18
12            Plaintiff,                 )
                                         )  **DECLARATION OF HOWARD
13  vs.                                  )  SMITH IN SUPPORT OF
                                         )  OPPOSITION OF DEFENDANT
14  CARS RECOVERY, INC., a               )  CARS RECOVERY, INC. TO THE
    California corporation; and DOES 1   )  MOTION OF PLAINTIFF ANISA
15  through 10, inclusive                )  LORD FOR ATTORNEY'S FEES
                                         )  AND COSTS OF $152,204**
16            Defendants.                )
                                         )  Date:     June 6, 2019
17                                       )  Time:     10:00 a.m.
                                         )  Ctrm:     6D, 6th Floor
18                                       )
                                         )  Assigned: Judge Fernando M. Olguin
19                                       )  Referred: Magistrate Judge Frederick F.
                                         )           Mumm
20                                       )
                                         )  **[Filed Concurrently with: (1)
21                                       )  Opposition to Motion for Attorney's
                                         )  Fees and Costs; and (2) Objections to
22                                       )  Evidence.]**
                                         )
23  _____ )  Trial Date:  None – Case Dismissed

24

25  / / /

26  / / /

27  / / /

28  / / /

# EXHIBIT "M"

## Howard J. Smith

| | |
|---|---|
| **From:** | Brandon Block <brandon@bblocklaw.com> |
| **Sent:** | Wednesday, May 01, 2019 11:31 AM |
| **To:** | Howard J. Smith |
| **Subject:** | Re: Lord v. CARS Recovery |
| **Attachments:** | Expense Reports – Law Offices of Brandon A. Block, APC – Harvest.pdf |

As discussed, here's the costs report. I took out the mileage charges normally charged to clients, to hopefully make this a little easier to settle. Please let me know if CARS Recovery will pay plaintiff's lodestar fees + costs.

Thanks,

Brandon A. Block
310.887.1440


**From:** "Howard J. Smith" <hjsmith@b3law.com>
**Date:** Wednesday, May 1, 2019 at 10:38 AM
**To:** Brandon Block <brandon@bblocklaw.com>
**Cc:** Stephanie Berman Schneider <sjschneider@b3law.com>
**Subject:** RE: Lord v. CARS Recovery

Brandon:

This will respond to the demand of $103,336, to resolve the dispute over the recovery of attorneys' fees and costs. In response to counsel's demand, Defendant Cars Recovery offers $34,536. This amount is based upon the following:

First, counsel will not recover fees/costs with any multiplier. Significantly, we have neither seen a case where multiplier has been applied to a claim for unfair business practices nor that counsel has ever obtained a multiplier in federal court.

When we appeared at the mediation before Judge John Shook, Retired, he valued the case at $15,000. Defendant offered $15,000, but Plaintiff would not move below $25,000. The $25,000 was based upon the following: (1) $5,000 for the Plaintiff; (2) $20,000 for counsel. Plaintiff ultimately obtained a settlement of $6,250, with counsel's legal work obtaining a limited benefit of $1,250 for the Plaintiff.

As we also advised, we needed to review the invoices to determine the reasonableness of the fees and costs claimed: (1) Fees of $64,775 and; (2) Costs of $6,173.10. This amount is based upon hourly rates of $550 and $600 per hour for 112.6 hours of work. Since we have not seen the invoices, we will reduce the claimed amounts by one-third: (1) 76 hours (113 – 37); and (2) $4,136 ($6,173 - $2,037).

If an hourly rate of $400 is applied, the total is as follows: (1) Fees of $30,400 (76 hours * $400 per hour) and (2) Costs of $4,136 = $34,536.

Please let us know if you have any questions.

Howard

**Howard Smith | Attorney**

1



**BERMAN BERMAN BERMAN**
**SCHNEIDER & LOWARY**

SERVING ALL OF CALIFORNIA
WITH OFFICES IN
LOS ANGELES, INLAND EMPIRE, SAN DIEGO AND SACRAMENTO

| **Los Angeles** | **Inland Empire** | **San Diego** | **Sacramento** |
|---|---|---|---|
| 11900 W. Olympic Blvd., Ste 600 | 3890 Tenth Street | 701 Palomar Airport Rd, Ste 300 | 2390 Professional Dr. |
| Los Angeles, CA 90064 | Riverside, CA 92501 | Carlsbad, CA 92011 | Roseville, CA 95661 |
| 310.447.9000 | 951.682.8300 | 760.931.4870 | 916.846.9391 |

**WWW.B3LAW.COM**

*The information contained in this electronic mail transmission is confidential and intended to be sent only to the stated recipient of the transmission. It may therefore be protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privilege. If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. You are also asked to notify us immediately by telephone and to delete this transmission with any attachments and destroy all copies in any form. Thank you in advance for your cooperation.*

**From:** Brandon Block [mailto:brandon@bblocklaw.com]
**Sent:** Wednesday, April 17, 2019 4:44 PM
**To:** Howard J. Smith <hjsmith@b3law.com>
**Subject:** Re: Lord v. CARS Recovery

Howard,

Does CARS Recovery intend on responding to plaintiff's demand?

Brandon A. Block
310.887.1440

**From:** "Howard J. Smith" <hjsmith@b3law.com>
**Date:** Monday, April 15, 2019 at 3:47 PM
**To:** Brandon Block <brandon@bblocklaw.com>
**Subject:** RE: Lord v. CARS Recovery

Brandon:

Thank you for the documents. I have now had the chance to go through everything.

The orders for the most part relate to Class Action Settlements for the years of 2009 through 2016 and reflect hourly rates between $375 and $525.

The documents did not include any order where a multiplier was applied by a federal court. In fact, I could not find any federal decision which applied a multiplier under Ketchum v. Moses (2001) 24 Cal.4th 1122.

Again, do you have any orders where a federal Court approved the hourly rates requested and applied a multiplier. Also, if you are unwilling to let me see the invoices, could you at least disclose the total amount of hours claimed.

Howard

2

2

**Howard Smith | Attorney**

 **BERMAN BERMAN BERMAN**
**SCHNEIDER & LOWARY**

SERVING ALL OF CALIFORNIA
WITH OFFICES IN
LOS ANGELES, INLAND EMPIRE, SAN DIEGO AND SACRAMENTO

| Los Angeles | Inland Empire | San Diego | Sacramento |
|---|---|---|---|
| 11900 W. Olympic Blvd., Ste 600 | 3890 Tenth Street | 701 Palomar Airport Rd, Ste 300 | 2390 Professional Dr. |
| Los Angeles, CA 90064 | Riverside, CA 92501 | Carlsbad, CA 92011 | Roseville, CA 95661 |
| 310.447.9000 | 951.682.8300 | 760.931.4870 | 916.846.9391 |

**WWW.B3LAW.COM**

*The information contained in this electronic mail transmission is confidential and intended to be sent only to the stated recipient of the transmission.  It may therefore be protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privilege.  If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited.  You are also asked to notify us immediately by telephone and to delete this transmission with any attachments and destroy all copies in any form.  Thank you in advance for your cooperation.*

**From:** Brandon Block [mailto:brandon@bblocklaw.com]
**Sent:** Wednesday, April 10, 2019 7:18 AM
**To:** Howard J. Smith <hjsmith@b3law.com>
**Subject:** Re: Lord v. CARS Recovery

Howard,

Here's copies of fee awards approving my hourly rates over the years. You can see that my rate is commensurate with the relevant market for attorneys of my experience and skills. In fact, I think it's on the low end of the relevant market because I recently learned that an attorney at a consumer protection defense firm with roughly 14 years' experience is billing at $690 per hour. I graduated law school in 1999. The attached fee awards include cases where multipliers were awarded, and even a 1.5 multiplier in an individual FDCPA action (the Godfrey case). I will not share my firm's time entries at this point, but I can assure you that I have accurately represented the total amount of my firm's attorney time and costs incurred on this matter. I hope this helps move things along.

Brandon A. Block
310.887.1440

**From:** "Howard J. Smith" <hjsmith@b3law.com>
**Date:** Monday, April 8, 2019 at 2:34 PM
**To:** Brandon Block <brandon@bblocklaw.com>
**Subject:** RE: Lord v. CARS Recovery

Brandon:

I need to review certain information/documents in order to consider the claimed fees:

   *.    Could you provide me with copies of any orders/rulings showing the hourly rates which a court has
          approved on your behalf.

   *.    Could you provide me with the invoice/billing statements reflecting the claimed fees/costs of $64,775.

   *.    Could you provide me with copies of any orders/rulings showing that a federal court has awarded you
lodestar fees, with a 1.5 or 2.0 multiplier.

3

3

Please let me know if you have any questions.

Howard

**Howard Smith | Attorney**

 **BERMAN BERMAN BERMAN SCHNEIDER & LOWARY**

SERVING ALL OF CALIFORNIA
WITH OFFICES IN
LOS ANGELES, INLAND EMPIRE, SAN DIEGO AND SACRAMENTO

| **Los Angeles** | **Inland Empire** | **San Diego** | **Sacramento** |
|---|---|---|---|
| 11900 W. Olympic Blvd., Ste 600 | 3890 Tenth Street | 701 Palomar Airport Rd, Ste 300 | 2390 Professional Dr. |
| Los Angeles, CA 90064 | Riverside, CA 92501 | Carlsbad, CA 92011 | Roseville, CA 95661 |
| 310.447.9000 | 951.682.8300 | 760.931.4870 | 916.846.9391 |

WWW.B3LAW.COM

*The information contained in this electronic mail transmission is confidential and intended to be sent only to the stated recipient of the transmission. It may therefore be protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privilege. If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. You are also asked to notify us immediately by telephone and to delete this transmission with any attachments and destroy all copies in any form. Thank you in advance for your cooperation.*

**From:** Brandon Block [mailto:brandon@bblocklaw.com]
**Sent:** Friday, April 05, 2019 9:36 AM
**To:** Howard J. Smith <hjsmith@b3law.com>
**Subject:** Lord v. CARS Recovery

Hi Howard,

Plaintiff offers to settle the issue of her attorney's fees and costs for a lump sum payment of $103,335.81 by CARS Recovery. For your information, plaintiff's costs are $6,173.31 and her lodestar attorney's fees are $64,775, through April 4, 2019. I billed at $550 per hour on this matter through December 31, 2018. Thereafter, my rate increased to $600 per hour. My hourly rates routinely have been approved by the courts over the years.

The present offer includes a modest 1.5 multiplier on plaintiff's lodestar fees, pursuant to Ketchum v. Moses, 24 Cal.4th 1122 (2001), which permits a lodestar enhancement for accepting contingent risk, turning down other work, and exceptional results. Note that on any fee application, plaintiff will request a 2.0 multiplier, and plaintiff will ask that counsel's present $600 hourly rate be applied to the entire matter. Thus, on any fee application, plaintiff's requested fee award will be $134,520 ($67,260 in lodestar fees, with a 2.0 multiplier).

Please advise as your client's position as soon as possible.

Thanks so much,

Brandon A. Block
310.887.1440

4

4

## Expense Report: 01/01/2018 — 05/05/2019

| Total Expenses | | | | | | |
|---|---|---|---|---|---|---|
| **$6,164.61** | | 1 Client | Lord, Anisa | | | |
| | | 1 Project | CARS Recovery, Inc. | | | |
| | | Categories | All Categories | | | |
| | | Team | Everyone | | | |

| Date | Project | Category | Roles | Person | Amount |
|---|---|---|---|---|---|
| **Lord, Anisa** | | | | | **$6,164.61** |
| 03/13/2018 | CARS Recovery, Inc. [18-L-0011-001] | Court Filing Fee | Attorney | Brandon Block | $400.00 |
| | Case initiation fee (Pay.gov Tracking ID 268CNTFM) | | | | |
| 03/27/2018 | CARS Recovery, Inc. [18-L-0011-001] | Process Service Fee | Attorney | Brandon Block | $69.50 |
| | Service of process on defendant CARS Recovery, Inc. (Rapid Legal Invoice No. 1944986) | | | | |
| 08/04/2018 | CARS Recovery, Inc. [18-L-0011-001] | Filing Service Fee | Attorney | Brandon Block | $61.50 |
| | Mandatory chamber's copy of Joint Rule 26 Report (Rapid Legal Invoice No. 2042086) | | | | |
| 09/18/2018 | CARS Recovery, Inc. [18-L-0011-001] | Postage | Attorney | Brandon Block | $0.92 |
| | Service of plaintiff's first sets of interrogatories and requests for production on defendant | | | | |
| 10/03/2018 | CARS Recovery, Inc. [18-L-0011-001] | Postage | Attorney | Brandon Block | $0.92 |
| | Service of second set of document requests and deposition notices on defense counsel | | | | |
| 10/04/2018 | CARS Recovery, Inc. [18-L-0011-001] | Postage | Attorney | Brandon Block | $0.50 |
| | Service of supplemental initial disclosures on defense counsel | | | | |
| 11/01/2018 | CARS Recovery, Inc. [18-L-0011-001] | Postage | Attorney | Brandon Block | $0.50 |
| | Notices of depositions of Palazzolo and Wilson | | | | |
| 11/02/2018 | CARS Recovery, Inc. [18-L-0011-001] | Postage | Attorney | Brandon Block | $0.50 |
| | Service of notice of subpoena on defense counsel | | | | |
| 11/06/2018 | CARS Recovery, Inc. [18-L-0011-001] | Process Service Fee | Attorney | Brandon Block | $165.89 |
| | Service of subpoena on Capital One Auto Finance (Rapid Legal Invoice No. 2252137) | | | | |
| 11/29/2018 | CARS Recovery, Inc. [18-L-0011-001] | Arbitration/Mediation Fees | Attorney | Brandon Block | $1,125.00 |
| | Alternative Resolution Centers, LLC | | | | |
| 12/04/2018 | CARS Recovery, Inc. [18-L-0011-001] | Parking | Attorney | Brandon Block | $15.00 |
| | Mediation | | | | |
| 12/18/2018 | CARS Recovery, Inc. [18-L-0011-001] | Records Retrieval | Attorney | Brandon Block | $295.00 |
| | Retrieval of records for Jerome Lowe (Douglas Baldwin & Associates Invoice No. 18164B) | | | | |
| 12/27/2018 | CARS Recovery, Inc. [18-L-0011-001] | Court Reporter Fee | Attorney | Brandon Block | $517.52 |
| | Deposition of Jerome Lowe (Huseby Invoice No. 550843) | | | | |
| 01/03/2019 | CARS Recovery, Inc. [18-L-0011-001] | Parking | Attorney | Brandon Block | $18.55 |
| | Plaintiff's deposition | | | | |
| 01/04/2019 | CARS Recovery, Inc. [18-L-0011-001] | Postage | Attorney | Brandon Block | $0.50 |
| | Service of supplemental initial disclosures on defendant | | | | |
| 01/12/2019 | CARS Recovery, Inc. [18-L-0011-001] | Postage | Attorney | Brandon Block | $0.50 |
| | Payment to Huseby, Inc. (Invoices Nos. 553691 & 554192) | | | | |
| 01/14/2019 | CARS Recovery, Inc. [18-L-0011-001] | Travel | Attorney | Brandon Block | $542.99 |
| | | | | **Total** | **$6,164.61** |

5

| Date | Project | Category | Roles | Person | Amount |
|------|---------|----------|-------|--------|--------|
| | Reimbursement - C. Wilson deposition travel expenses | | | | |
| 01/15/2019 | CARS Recovery, Inc. [18-L-0011-001] | Postage | Attorney | Brandon Block | $16.89 |
| | Overnight delivery of courtesy copy of opposition to motion for judgment on the pleadings (GSO Invoice No. 3825810) | | | | |
| 01/18/2019 | CARS Recovery, Inc. [18-L-0011-001] | Court Reporter Fee | Attorney | Brandon Block | $854.85 |
| | Deposition of CARS Recovery PMK (Huseby Invoice No. 553691) | | | | |
| 01/22/2019 | CARS Recovery, Inc. [18-L-0011-001] | Court Reporter Fee | Attorney | Brandon Block | $909.55 |
| | Depositions of C. Wilson & C. Palerzolo (Huseby Invoice No. 554192) | | | | |
| 01/29/2019 | CARS Recovery, Inc. [18-L-0011-001] | Court Reporter Fee | Attorney | Brandon Block | $366.00 |
| | Certified copy of A. Lord deposition transcript (Magna Legal Services Invoice No. 479395) | | | | |
| 02/13/2019 | CARS Recovery, Inc. [18-L-0011-001] | Process Service Fee | Attorney | Brandon Block | $117.29 |
| | Service of trial subpoena on R. Hepworth (Rapid Legal Invoice No. 2452997-02) | | | | |
| 02/13/2019 | CARS Recovery, Inc. [18-L-0011-001] | Parking | Attorney | Brandon Block | $13.25 |
| | Parking at defense counsel's office for required pretrial meeting of counsel | | | | |
| 02/15/2019 | CARS Recovery, Inc. [18-L-0011-001] | Process Service Fee | Attorney | Brandon Block | $117.29 |
| | Service of trial subpoena on C. Boschen (Rapid Legal Invoice No. 2452997-01) | | | | |
| 02/25/2019 | CARS Recovery, Inc. [18-L-0011-001] | Process Service Fee | Attorney | Brandon Block | $159.86 |
| | Service of trial subpoena on C. Palerzolo (Rapid Legal Invoice No. 2491457) | | | | |
| 03/11/2019 | CARS Recovery, Inc. [18-L-0011-001] | Filing Service Fee | Attorney | Brandon Block | $70.00 |
| | Service of trial subpoena on T. Bradford (Rapid Legal Invoice No. 2452997-03) | | | | |
| 03/12/2019 | CARS Recovery, Inc. [18-L-0011-001] | Court Reporter Fee | Attorney | Brandon Block | $426.75 |
| | Motions in limine meet and confer (Veritext Invoice No. 3663326) | | | | |
| 03/20/2019 | CARS Recovery, Inc. [18-L-0011-001] | Postage | Attorney | Brandon Block | $69.25 |
| | Overnight deliveries of court filings on 3/13/19 and 3/8/19 (GSO Invoice No. 3871759) | | | | |
| 03/25/2019 | CARS Recovery, Inc. [18-L-0011-001] | Postage | Attorney | Brandon Block | $1.00 |
| | Letters to witnesses Boschen and Hepworth regarding cancellation of appearance at trial | | | | |
| 03/31/2019 | CARS Recovery, Inc. [18-L-0011-001] | Postage | Attorney | Brandon Block | $16.82 |
| | Overnight deliveries of court filings on 3/22/19 (GSO Invoice No. 3879279) | | | | |
| 04/29/2019 | CARS Recovery, Inc. [18-L-0011-001] | Postage | Attorney | Brandon Block | $0.50 |
| | Delivery of settlement check to client | | | | |

Total    $6,184.61

6

# EXHIBIT "N"

1  KEMNITZER, BARRON, & KRIEG, LLP
   BRYAN KEMNITZER        Bar No. 066401
2  NANCY BARRON           Bar No. 099278
   AMY TAY                Bar No. 252600
3  445 Bush St., 6th Floor
   San Francisco, CA  94108
4  Telephone:  (415) 632-1900
   Facsimile:  (415) 632-1901
5
   TRUEBLOOD LAW FIRM
6  ALEXANDER B. TRUEBLOOD     Bar No. 150897
   10940 Wilshire Blvd., Suite 1600
7  Los Angeles, CA  90024
   Telephone:  (310) 443- 4139
8  Facsimile:  (310) 943-2255

9  LAW OFFICES OF BRANDON A. BLOCK
   BRANDON A. BLOCK       Bar No. 215888
10 433 North Camden Dr., Ste. 600
   Beverly Hills, CA  90210
11 Telephone:  (310) 887-1440
   Facsimile:  (310) 496-1420
12
   Attorneys for Plaintiffs THOMAS VITRANO, BELINDA VITRANO, JOHN SANTOS, and the
13 Class

14

15

16

17              UNITED STATES DISTRICT COURT

18          FOR THE CENTRAL DISTRICT OF CALIFORNIA

19

20 THOMAS VITRANO, BELINDA          Case No. 2:13-cv-02492-AB-MRW
   VITRANO, and JOHN SANTOS individually
21 and on behalf of others similarly situated,   **MEMORANDUM OF POINTS &**
                                                 **AUTHORITIES IN SUPPORT OF**
22              Plaintiffs,                       **MOTION FOR ATTORNEYS' FEES,**
                                                 **COSTS AND EXPENSES AND**
23       vs.                                      **INCENTIVE AWARDS**

24 SANTANDER CONSUMER USA, INC.; and
   DOES 1 through 50, inclusive,                 **Date:  February 2, 2015**
25                                               **Time:  10:00 a.m.**
                Defendants.                      **Courtroom 790 (Roybal)**
26                                               **Hon. André Birotte Jr.**

27

28

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Attorneys' Fees, Costs & Expenses

1

**TABLE OF CONTENTS**

PAGE

NOTICE AND MOTION .................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................1

I.   INTRODUCTION ..................................................................................................1

II.  BACKGROUND OF THE CASE .........................................................................2

    A.   Summary of Plaintiffs' Claims ......................................................................2

    B.   Procedural History...........................................................................................3

    C.   Settlement Terms..............................................................................................4

III.  ARGUMENT ..........................................................................................................5

    A.   Plaintiffs Are Entitled To An Award Of Attorneys' Fees Pursuant To
       Federal Rule of Civil Procedure 23(h) And The Rees-Levering Act .............5

    B.   The Requested Award Is Reasonable And Appropriate....................................6

         1.   The time expended by Plaintiffs was reasonable and necessary to
            achieve the final outcome, and is well within the range of fee awards
            for litigation of this type .......................................................................8

         2.   The process for arriving at the negotiated fee award was fair and
            equitable ...................................................................................................8

         3.   The hourly rates for Plaintiffs' counsel are well within the range of
            rates charged by lawyers with similar skills, qualifications, and
            experience ................................................................................................9

         4.   The case includes many of the factors normally warranting a multiplier
            award.......................................................................................................10

    C.   Plaintiffs Are Entitled To Reimbursement Of Their Costs ...........................11

    D.   The Court Should Award The Class Representatives The Requested
       Service Fees ....................................................................................................11

IV.  CONCLUSION.........................................................................................................12

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Attorneys' Fees, Costs & Expenses

2

**TABLE OF AUTHORITIES**

**PAGE**

**CASES**

*Avery v. First Resolution Mgmt. Corp.* 568 F.3d 1018, 1023 (9th Cir. 2009) ................................ 6

*Bank of America v. Lallana* (1998) 19 Cal.4th 203 ................................ 11

*Beasley v. Wells Fargo Bank* (1991) 235 Cal.App.3d 1407 ................................ 11

*Cellphone Termination Fee Cases* (2010) 186 Cal.App.4th 1380 ................................ 11-12

*Cerra v. Blackstone* (1985) 172 Cal.App.3d 604 ................................ 10

*Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970 ................................ 6

*Damian v. Tamandong* (1998) 65 Cal.App.4th 1115 ................................ 5,6

*Downey Cares v. Downey Community Dev. Com.* (1987) 196 Cal.App.3d 983 ................................ 6

*Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668 ................................ 6,10

*Graham v DaimlerChrysler* (2003) 34 Cal.4th 553 ................................ 9

*In re Consumer Privacy Cases* (2009) 175 Cal.App.4th 545 ................................ 8

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, 1992 U.S.Dist. LEXIS 14337 (C.D. Cal. June 10, 1992) ................................ 9

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) ................................ 11

*Ketchum v. Moses* (2001) 22 Cal.4th 1122 ................................ 7,9

*Lealao v. Beneficial California, Inc.* (2000) 82 Cal.App.4th 19 ................................ 6,7,8,10

*MRO Communic's, Inc. v. AT&T Co.*, 197 F.3d 1276 (9th Cir. 1999) ................................ 6

*Press v. Lucky Stores* (1983) 34 Cal.3d 311 ................................ 7

*Serrano v. Priest* (1977) 20 Cal.3d 25 ................................ 7

*Serrano v. Unruh* (1982) 32 Cal.3d 621 ................................ 7,9

*Staton v. Boeing Co.*, 327 F.3d 938, 972 (9th Cir. 2003) ................................ 8,11

*United Steelworkers v. Phelps Dodge*, 896 F.2d 403 (9th Cir. 1990) ................................ 9

i

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Attorneys' Fees, Costs & Expenses

*Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp.294 (N.D. Cal. 1994) ................................ 11

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) ................................ 10

*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440 ................................ 7

*Wershba v. Apple Computer* (2001) 91 Cal.App.4th 224 ................................ 10

*Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323 (9th Cir. 1999) ................................ 9

**STATUTES**

Cal. Bus. & Prof. Code §17200, *et seq.* ................................ 3
Cal. Comm. Code §3604 ................................ 11
Cal. Civil Code §1021.5 ................................ 6
Cal. Civil Code §2981, *et seq.* ................................ 1
Cal. Civil Code §2983.2(a) ................................ 2
Cal. Civil Code §2983.2(a)(2) ................................ 3
Cal. Civil Code §2983.3(b) ................................ 3
Cal. Civil Code §2983.3(c) ................................ 3
Cal. Civil Code §2983.3(e) ................................ 3
Cal. Civil Code §2983.4 ................................ 5

**RULES**

Federal Rule of Civil Procedure 23(h) ................................ 5,11
Federal Rule of Civil Procedure 54(d)(1) ................................ 11

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Attorneys' Fees, Costs & Expenses

**NOTICE AND MOTION**

1
2  TO DEFENDANT SANTANDER CONSUMER USA INC. AND THEIR ATTORNEYS OF
3  RECORD:
4         PLEASE TAKE NOTCE that on February 2, 2015 beginning at 10:00 a.m., or as soon
5  thereafter as the matter can be heard in Courtroom 790 of the United States District Court for
6  the Central District of California, located at 255 East Temple St., Los Angeles, CA 90012,
7  Plaintiffs Thomas Vitrano, Belinda Vitrano, and John Santos will and they hereby do move this
8  Court for Final Approval of the Settlement Agreement in this action, including an award of costs
9  and attorneys' fees to Class Counsel and services awards to the class representatives. The motion,
10  which is unopposed, will be based on the accompanying Memorandum, Declarations and
11  Exhibits, the files and records in this action, and such further evidence and argument as may be
12  presented at the hearing.

13  **MEMORANDUM OF POINTS AND AUTHORITIES**
14  **I.      INTRODUCTION**
15         This is an action for restitution, declaratory and injunctive relief on behalf of all California
16  consumers injured by Defendant Santander Consumer USA Inc.'s violations of California's Rees-
17  Levering Automobile Sales Finance Act ("Rees-Levering Act"), California Civil Code §2981 *et*
18  *seq.* The parties have entered into a Settlement Agreement ("S.A.," Exh. A to the Declaration of
19  Bryan Kemnitzer) which was preliminarily approved by this Court by order dated October 20,
20  2014 (Docket No. 56). The settlement provides complete relief to the class members, including
21  monetary restitution, repair of their credit reports, and an injunction against future harm.
22  Defendant Santander USA Inc. ("Santander") also agreed that, subject to the approval of the
23  Court, it would pay Plaintiffs $350,000.00 for their attorneys' fees and costs and pay the class
24  representatives a service award of $2,500 to each of Thomas Vitrano, Belinda Vitrano, and John
25  Santos. The negotiated payment is slightly more than Class Counsel's lodestar, which as of mid-
26  December included $307,841.50 in attorneys' fees and $12,649.47 in costs, for a total of
27  $320,490.97, and is also well below the Ninth Circuit's 25% benchmark for percentage-based fee
28

1
Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Attorneys' Fees, Costs & Expenses

5

1    awards. Because the requested award is reasonable and appropriate, the Court should grant

2    Plaintiffs' motion in full.

3    **II.**      **BACKGROUND OF THE CASE**

4       **A.**     **Summary Of Plaintiffs' Claims**

5        Santander is an automobile lender that accepts assignments of conditional sales contracts

6    from automobile dealers throughout California. It thereby becomes the holder of the contracts

7    and collects monthly installment payments from automobile borrowers. During the class period,

8    July 1, 2011 through July 31, 2014, Santander repossessed the vehicles of Plaintiffs and the class

9    members due to their alleged failure to make payments due on their auto loans. Santander then

10    either sent Plaintiffs and the class a standard form Notice of Intent to dispose of the vehicle

11    ("Statutory Notice" or "NOI") or failed to send any NOI at all; sold the vehicles; and then

12    demanded, collected or attempted to collect the difference between the sale price and the balance

13    of the loan (the "Deficiency Balance") from the borrowers. Santander also required class

14    members who wanted to have their loans reinstated to provide a variety of personal information

15    including the names and contact information of personal references, contact information for their

16    employer, and proof of current address.

17        Conditional sales contracts are strictly regulated by the Rees-Levering Act, which governs

18    the rights and remedies available to holders of the contracts like defendant Santander. In the

19    event of a default by a borrower, the holder has the right to repossess and dispose of the motor

20    vehicle, which serves as the collateral for the loan without judicial process. The holder is not,

21    however, entitled to collect the Deficiency Balance from the borrower following disposition of

22    the vehicle without satisfying the specific notice requirements of the statute. As a matter of law,

23    the borrower is liable for the Deficiency Balance "*only if*" the lender issues a Statutory Notice

24    prior to disposition of the vehicle that complies with each and every requirement of Civil Code

25    §2983.2(a)(1)-(9). (*See* Cal. Civil Code §2983.2(a).) Strict compliance with the Statutory Notice

26    requirements is, in other words, a condition precedent to the right to demand or collect any

27    Deficiency Balance.

28

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Attorneys' Fees, Costs & Expenses

1       Plaintiffs allege that the standard form Statutory Notice Santander sent to the members of

2 the class was defective because it omitted certain of the disclosures required by Civil Code

3 §2983.2(a)(2).  Plaintiffs also allege that Santander's conduct was unlawful because it wrongfully

4 required consumers to provide private information not required by the statute for reinstatement,

5 and that BMW FS denied reinstatement for failure to provide such information, in violation of

6 Civil Code §2983.3(e), which provides that "if either the seller or holder denies the right to

7 reinstatement …," they may do so *only* for the reasons set forth in §2983.3(b) and 2983.3(c).

8       Plaintiffs allege these actions and omissions violate both the Rees-Levering Act (first

9 cause of action) and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code

10 §17200 *et seq.* (second cause of action), and entitle them and all others similarly situated to

11 restitution, damages, and declaratory and injunctive relief.

12       Santander disputes liability.  Nevertheless, as discussed further below it has agreed to

13 provide virtually all of the relief Plaintiffs set out to obtain, and does not oppose this motion.

14    **B.**    **Procedural History**

15       Plaintiffs Thomas Vitrano and Belinda Vitrano filed a class action law suit against

16 Santander in Los Angeles County Superior Court on February 25, 2013.  The Complaint alleges

17 three causes of action:  (1) violations of the Rees Levering Act; (2) conversion, and (3) unlawful,

18 unfair, and fraudulent business practices in violation of the UCL.  Santander removed this action

19 on April 8, 2013.

20       On November 20, 2013, Plaintiffs filed a First Amended Complaint naming John Santos

21 as an additional class representative.  The FAC remains the operative pleading.

22       On May 20, 2014, the parties attended a full day mediation before the Hon. Edward A.

23 Infante (Ret.) of JAMS in San Francisco.  At the mediation, the parties agreed to a class action

24 settlement.

25       On June 27, 2014, the parties filed a stipulation and proposed order informing the Court

26 that the parties had agreed to a settlement and setting August 8, 2014 as the deadline for Plaintiffs

27 to file a Motion for Preliminary Approval.

28

3

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Attorneys' Fees, Costs & Expenses

7

1        On August 7, 2014, to allow the parties additional time to finalize all the terms of a

2  settlement agreement, the parties filed a stipulation and proposed order extending until August 22,

3  2014 the deadline for Plaintiffs to file a Motion for Preliminary Approval.

4        On August 22, 2014, the parties still required additional time to finalize a handful of terms

5  in the settlement agreement and filed a stipulation and proposed order extending until September

6  9, 2014, the deadline for Plaintiffs to file a Motion for Preliminary Approval.  The parties also

7  stipulated to filing a status report on September 9, 2014, if the parties were unable to agree to

8  final settlement agreement by that time.

9        On September 9, 2014, the parties filed a joint status statement informing the Court that a

10  final settlement agreement was being reviewed by the parties and their counsel and that Plaintiffs

11  would file a Motion for Preliminary Approval by September 16, 2014.  On September 10, 2014,

12  the Court entered an order extending the deadline to file the motion until September 16, 2014.

13        On September 16, 2014, Plaintiffs filed a Motion for Preliminary Approval.  Hearing on

14  the motion was held on October 20, 2014, after which the Court entered and Order certifying the

15  Class for settlement purposes and granting preliminary approval.  The Order required that Class

16  Notice be mailed by November 19, 2014, with objections and opt-outs due by January 3, 2015.  A

17  final approval hearing is scheduled for February 2, 2015, concurrent with this motion.

18        Due to delayed delivery to the Settlement Administrator of the list of co-borrowers, Class

19  Notice was not sent to the entire Settlement Class until November 24, 2014.  Accordingly, on

20  November 20, 2014, the parties filed a stipulation and proposed order extending the time for class

21  members to object or opt-out from January 3, 2015 until January 8, 2015.

22  **C.    Settlement Terms**

23        The settlement benefits all of the 38,698 identified Settlement Class members, including

24  8,074 co-borrowers.  Defendant Santander has agreed to refund 60% of the $712,778.00 in

25  Deficiency Balances that were collected from 556 members of the Settlement Class; to forebear

26  from attempting to collect any portion of the $199,407,884.00 in alleged Deficiency Balances that

27  remain outstanding; and to request each of the major credit reporting agencies to delete

28  Santander's trade lines (including the notation that the vehicle had been repossessed) from

4

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Attorneys' Fees, Costs & Expenses

8

1   Settlement Class Members' credit reports.  Defendants have further agreed to repurchase any

2   class member accounts sold or assigned to third parties, and to refrain from the challenged

3   practices in the future.  Finally, Defendants will bear the costs of settlement administration (S.A.,

4   ¶ 3.07) and, in addition, pay the attorneys' fees, costs and service awards requested in this motion

5   (S.A. ¶¶ 5.06, 5.08).

6   **III.   ARGUMENT**

7        **A.   Plaintiffs Are Entitled To An Award Of Attorneys' Fees Pursuant To Federal**
          **Rule of Civil Procedure 23(h) And The Rees-Levering Act**
8

9        Federal Rule of Civil Procedure 23(h) provides that, "[i]n a certified class action, the court

10  may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the

11  parties' agreement."  Fees in this case are authorized under both prongs of that Rule.

12       First, in the Settlement Agreement, the parties agreed that Class Counsel would make an

13  application to the Court for an award of attorneys' fees, costs and expenses, and that Santander

14  "shall not oppose" an application for fees, costs and expenses in an amount not to exceed

15  $350,000 (S.A. ¶¶4.10, 5.08).  Paragraph 5.08 of the Settlement Agreement provides:

16       Subject to approval by the court, Santander agrees to pay Class Counsel the sum of
         three-hundred and fifty thousand dollars ($350,000.00) in attorneys' fees and costs.
17       Class Counsel agrees that they shall not be entitled to and will not seek attorneys'
         fees and costs or expenses in the Action which exceeds this amount.  In the event
18       that Class Counsel seeks a fee and cost award that does not exceed the amount
         stated herein, Santander agrees not to negatively comment, oppose, or appeal Class
19       Counsel's application for fees and costs.

20       Defendants' agreement to compensate Plaintiffs' attorneys is an important part of the

21  consideration for the settlement which was recommended by the mediator, and the Court should

22  approve that aspect of the settlement.

23       Second, even in the absence of the Agreement, Plaintiffs would be entitled to an award of

24  fees and costs under the Rees-Levering Act.  California Civil Code §2983.4 expressly states that,

25  "[r]easonable attorney's fees and costs *shall be awarded* to the prevailing party in any action on a

26  contract or purchase order subject to the provisions of this chapter...." (emphasis added).  As

27  discussed in *Damian v. Tamandong* (1998) 65 Cal.App.4th 1115, the primary reason for the

28  enactment of the statute was to "enable consumers with good claims or defenses to find attorneys

5

1    willing to represent them in court," and thus to defend themselves against the "scorched earth

2    tactics" of the automotive finance industry that had previously resulted in the victimization of

3    consumers. (*Damian, supra,* 65 Cal.App.4th at 1118, 1128.)

4         Here, Plaintiffs have successfully secured both monetary relief to prevent future violations

5    of California law, and injunctive relief to prevent similar violations from recurring in the future,

6    thereby enforcing the legislative policy in favor of protecting consumers against unscrupulous

7    lending practices.  The settlement benefits a large class of persons who, because of the small sums

8    at issue in comparison to the complexity of the law, would not otherwise be able to secure judicial

9    relief.  Plaintiffs have also secured valuable relief in the form of the correction of class members'

10   credit reports, which – without the deletion of the "repossession" notation that Defendant has

11   agreed to remove – prevent most consumers from obtaining financing for a new vehicle.

12   Plaintiffs are clearly the prevailing party in this case, and the fact that the case was resolved by

13   settlement is irrelevant to that determination.  (*See Folsom v. Butte County Assn. of Governments*

14   (1982) 32 Cal.3d 668, 685 [critical factor in determining whether a party is successful is "the

15   impact of the action, not the manner of its resolution"].)

16        **B.    The Requested Award Is Reasonable And Appropriate**

17        Plaintiffs' claims arise entirely under, and in the absence of removal would have been

18   determined by, state law. Accordingly, the Court should apply California law in determining

19   Plaintiffs' attorneys' fees.  (*Avery v. First Resolution Mgmt. Corp.,* 568 F.3d 1018, 1023 (9th Cir.

20   2009); *MRO Communic's, Inc. v. AT&T Co.,* 197 F.3d 1276, 1281 (9th Cir. 1999), *cert. denied,*

21   529 U.S. 1124 (2000).)

22        Under California law, "[i]n so-called 'fee shifting' cases, in which the responsibility to

23   pay attorney fees is statutorily or otherwise transferred from the prevailing plaintiff or class to the

24   defendant, the primary method for establishing the amount of 'reasonable' attorney fees is the

25   lodestar method." (*Lealao v. Beneficial California, Inc.* (2000)82 Cal.App.4th 19, 26; *see also*

26   *Downey Cares v. Downey Community Dev. Com.* (1987) 196 Cal.App.3d 983, 995-96; *Chavez v.*

27   *City of Los Angeles* (2010) 47 Cal.4th 970, 985 ["Under Code of Civil Procedure section 1021.5

28   [a fee-shifting statute], if a court determines that attorney fees should be awarded, computation of

1   those fees is based on the lodestar adjustment method as set forth in *Serrano v. Priest* (1977) 20

2   Cal.3d 25."] ["*Serrano III*"].)

3        Under this method, the court begins with a "touchstone" or "lodestar" figure, based on "a

4   careful compilation of the time spent and reasonable hourly compensation of each attorney ...

5   involved in the presentation of the case." (*Serrano III*, 20 Cal.3d at 48; *Ketchum v. Moses* (2001)

6   22 Cal.4th 1122, 1131-32; *Press v. Lucky Stores* (1983) 34 Cal.3d 311, 322.)  The lodestar is,

7   simply, the number of hours reasonably expended in the litigation multiplied by a reasonable

8   hourly rate.  (*See, e.g., Serrano v. Unruh* (1982) 32 Cal.3d 621, 626-39 ["*Serrano IV*"]; *Press,*

9   *supra,* 34 Cal.3d at 321-25.)  The reasonableness of the hours claimed is assessed by "the entire

10  course of the litigation, including pretrial matters, settlement negotiations, discovery, [and]

11  litigation tactics."   (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447.)

12       In appropriate cases, the Court may then adjust the award up or down depending on

13  various factors, including the complexity of the issues and the amount at stake; the results

14  achieved; the promptness of the settlement; the skill of counsel; and the contingent nature of any

15  fee award.  (*Ketchum, supra,* 24 Cal.4th at 1132-22; *see also Serrano III,* 20 Cal.3d at 49 [listing

16  seven factors, including the complexity of the questions and the skill displayed in presenting them

17  and the contingent nature of the award]; *Lealao, supra,* 82 Cal.App.4th at 42, 45 [courts may

18  consider experience of counsel, amount at stake and results obtained as lodestar enhancement

19  factors]. )

20       Plaintiffs' request for attorneys' fees is based on the following lodestar for their time

21  recorded through December 23, 2014:

22
23
24
25
26

|                                | Fees         | Costs       |
|--------------------------------|--------------|-------------|
| Kemnitzer, Barron & Krieg      | $270,345.00  | $12,474.47  |
| Trueblood Law Firm             | $34,510.00   | $175.00     |
| Law Offices of Brandon Block   | $2,986.50    | $0.00       |
| TOTAL                          | $307,841.50  | $12,649.47  |

27
28

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Attorneys' Fees, Costs & Expenses

1   This time does not include the significant additional work that will be necessary to oversee the

2   distribution of the funds, respond to class member inquiries, and in connection with the final

3   briefing and hearing on final approval.  The proposed fee award was negotiated at the mediation

4   in May and does not include any allowance for the time spent subsequent to the mediation.

5   (Kemnitzer Decl. ¶ 6.)

6          **1.      The time expended by Plaintiffs was reasonable and necessary to
                   achieve the final outcome, and is well within the range of fee awards
7                  for litigation of this type**

8          The time expended by Class Counsel was reasonable and necessary to achieve the very

9   successful final outcome in this case.  The fee award resulted from an arms-length negotiation

10  before a well-respected mediator, and the parties waited until after reaching resolution of the

11  substantive claims to address Plaintiffs' attorneys' fee claim (Kemnitzer Decl. ¶4).

12         The fees requested are more than reasonable given the nature of the litigation, and are far

13  below average for a class action of this magnitude.  Though the award will not come from the

14  settlement fund, and, as such, the fee award may not be justified solely as a percentage of the

15  recovery, it is still appropriate to "cross-check" the lodestar by comparison to the value of the

16  settlement to ensure that the fee awarded is reasonable and within the range of fees freely

17  negotiated in the legal marketplace in comparable litigation.  (*See In re Consumer Privacy Cases*

18  (2009) 175 Cal.App.4th 545, 557-58; *Lealao*, *supra*, 82 Cal.App.4th at 49.)  The "benchmark"

19  award in common fund cases in the Ninth Circuit is 25 percent.  (*In re Consumer Privacy Cases*

20  at 557 n.13.)

21         In this case, when the benefit is properly calculated on the basis of the waived deficiency

22  balances plus the funds restored to the class (a total of about $200,120,662), the requested fee

23  award is less than 1% of the benefit.

24         **2.      The process for arriving at the negotiated fee award was fair and
                   equitable**
25

26         In discharging its duty to determine the fairness of attorneys' fees in a class action

27  settlement, the Court's primary concern is to ensure that the negotiation process leading to the fee

28  has "adequately protected the class from the possibility that class counsel were accepting an

8

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Attorneys' Fees, Costs & Expenses

12

1   excessive fee at the expense of the class." (*Staton v. Boeing Co.*, 327 F.3d 938, 972 (9th Cir.

2   2003); *see Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999), *cert*

3   *denied,* 529 U.S. 1066 (2000).)  Where, as here, "the fee was negotiated at arms' length with

4   sophisticated defendants by the attorneys who were intimately familiar with the case, the risks,

5   the amount and value of their time, and the nature of the result obtained for the class … the Court

6   [should be] reluctant to interpose its judgment as to the amount of attorneys' fees in the place of

7   the amount negotiated…." (*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, 1992

8   U.S.Dist. LEXIS 14337 at *13 (C.D. Cal. June 10, 1992).)

9       As described in Mr. Kemnitzer's declaration, the negotiation process in this case was

10   entirely arms-length and was conducted under the auspices of an experienced mediator and

11   former judge. The parties reached agreement on the substantive terms of the settlement prior to

12   turning to the negotiation of fees.  (Kemnitzer Decl. ¶ 4.)  There are no indicia of collusion.

13         **3.**    **The hourly rates for Plaintiffs' counsel are well within the range of**
14                 **rates charged by lawyers with similar skills, qualifications, and experience**

15       The appropriate hourly rate for purposes of awarding attorneys' fees is the prevailing

16   billing rate of attorneys with comparable qualifications, skill and experience within the

17   community where the litigation takes place.  (*See Ketchum, supra,* 22 Cal.4th at 1133 [citing

18   *Serrano IV,* 32 Cal.3d at 625].)  The prevailing market rate is determined by the declarations of

19   the claimant's attorneys, other attorneys, and orders from other courts confirming counsel's rates.

20   *United Steelworkers v. Phelps Dodge* 896 F.2d 403, 407 (9th Cir. 1990).  The lodestar rate may

21   be "based on the present hourly rate rather than the lesser rate applicable when the services were

22   rendered," which is "tantamount to an interest rate."  (*Graham v DaimlerChrysler* (2003) 34

23   Cal.4th 553, 584.)

24       The qualifications and experience of Plaintiffs' counsel who performed work in this

25   matter are described in the Kemnitzer, Trueblood, and Block Declarations.  As attested therein,

26   the hourly rates on which the lodestar is based are well within the range of rates charged by

27   lawyers with similar skills, qualifications, and experience in the Los Angeles Area, and have

28

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Attorneys' Fees, Costs & Expenses

1    previously been approved and awarded by both federal and state courts (Kemnitzer Decl. ¶¶25-

2    36).

3        **4.    The case includes many of the factors normally warranting a multiplier**
             **award**

4

5        The lodestar multiplier method has always also permitted an enhancement of the lodestar

6    by a multiplier to reflect the result achieved.  (*Lealao, supra,* 82 Cal.App.4th at 45 ["California

7    courts often use 'the amount at stake, and the result obtained by counsel' as relevant factors

8    justifying enhancement of a lodestar fee through use of a multiplier."]; *see Vizcaino v. Microsoft*

9    *Corp.*, 290 F.3d 1043, 1051 n.6 and Appendix (9th Cir. 2002) [multipliers in common fund cases

10   range from 0.6 to 19.6, with most in the 1.0-4.0 range]; *Wershba v. Apple Computer* (2001)  91

11   Cal.App.4th 224, 255 ["Multipliers can range from 2 to 4 or even higher."].)  Given the extent of

12   Defendant's over-reaching, the expertise of Plaintiffs' counsel, and the contingent nature of any

13   recovery, in the absence of the Settlement Agreement a multiplier would be entirely appropriate

14   in this case.

15       Plaintiffs' counsel assumed all of the risk of the litigation, which was undertaken solely on

16   a contingent basis with no guarantee of recovery.  Although the parties agreed to settle relatively

17   early in the proceedings, the complexity of the issues is demonstrated by the fact that the parties

18   required several months and additional negotiation in order to finalize all the terms of the

19   settlement.  The case settled relatively quickly and efficiently due to Class Counsel's high degree

20   of expertise in both the substantive issues and the litigation of consumer class actions generally.

21   (Kemnitzer Decl. ¶¶9-23.)

22       In addition to achieving excellent results for the members of the class, Plaintiffs'

23   successful litigation of this case also conferred valuable benefits on the public at large.  As

24   reflected in California's "private attorney general statute," Code of Civil Procedure §1021.5, this

25   State has a strong public policy in favor of "encourag[ing] public interest litigation that might

26   otherwise be too costly to pursue," and of ensuring that "worthy claimants [are not] silenced or

27   stifled because of a lack of legal resources."  (*Folsom v. Butte County Ass'n of Gov'ts* (1982) 32

28   Cal.3d 668, 683-84.)  The Rees-Levering Act is a consumer protection statute which was enacted

10

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Attorneys' Fees, Costs & Expenses

14

1  "to provide more comprehensive protection for the unsophisticated motor vehicle [buyer]" than is

2  provided for commercial transactions. (*Cerra v. Blackstone,* (1985) 172 Cal.App.3d 604, 608.)

3  While the California Uniform Commercial Code requires all sales of repossessed collateral to be

4  conducted in a fair and commercially reasonable manner (*see* Cal. Comm. Code §3604), the Rees-

5  Levering Act requires that in consumer transactions involving motor vehicles, the creditor must

6  *also* give the debtor detailed notice of his or her rights to reinstate their loan and redeem their

7  vehicle. (*See Bank of America v. Lallana*, 19 Cal.4th 203 (1998).)  The public benefit of the

8  enforcement of these rights through this settlement is another factor that supports an award of

9  attorneys' fees, as well as the requested service awards, here.

10       **C.**    **Plaintiffs Are Entitled To Reimbursement Of Their Costs**

11       Plaintiffs are also entitled to recover the costs and expenses incurred in the action in the

12  amount of $12,649.47. (F.R.C.P. 54(d)(1) ["costs other than attorneys' fees shall be allowed as of

13  course to the prevailing party unless the court otherwise directs; F.R.C.P. 23(h) [in a certified

14  class action, "the court may award ... nontaxable costs that are authorized by law or by the

15  parties' agreement"]); *Beasley v. Wells Fargo Bank* (1991) 235 Cal.App.3d 1407, 1421-22

16  [discussing cost awards under California law.)  These costs are itemized by category in the

17  accompanying exhibits and declarations of counsel, and are clearly reasonable. (Kemnitzer Decl.

18  ¶7, Exh. B.)

19       **D.**    **The Court Should Award The Class Representatives The Requested Service**

20          **Fees**

21       Subject to the Court's approval, the settlement provides for payment of service awards of

22  $2,500 each to Mr. Vitrano, Ms. Vitrano, and Mr. Santos to be paid in addition to the

23  compensation to the class and Plaintiffs' counsel.  It has long been established that courts have

24  discretion to approve such service or "incentive" awards to representative plaintiffs in class

25  actions as compensation for their having expended time and effort for the benefit of others and for

26  having undertaken the risks inherent in serving as a named plaintiff. (*See, e.g., Staton, supra,* 327

27  F.3d at 977; *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 463 (9th Cir. 2000); *Van Vranken v.*

28  *Atlantic Richfield Co.,* 901 F.Supp.294, 299 (N.D. Cal. 1994); *Cellphone Termination Fee Cases*

1   (2010) 186 Cal.App.4th 1380, 1393-1395.)  The contributions of each of the class representatives

2   to the resolution of this action are described in each of their Declarations filed herewith.

3   **IV.     CONCLUSION**

4           For all of the reasons discussed above, Plaintiffs respectfully submit that this unopposed

5   motion should be granted, and ask the Court to enter an order awarding Plaintiffs service fees, and

6   awarding Class Counsel their attorneys' fees and costs incurred in the successful litigation of this

7   matter.

8   Dated:  December 23, 2014                    KEMNITZER , BARRON & KRIEG LLP

9

10                                         By:  _____/s/_____

11                                              BRYAN KEMNITZER
                                                Attorneys for Plaintiffs and the Settlement Class

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Attorneys' Fees, Costs & Expenses